[Cite as *State v. Eutsey*, 2018-Ohio-4807.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

      Plaintiff – Appellee

-vs-

ELLIOTT EUTSEY

      Defendant – Appellant

JUDGES:
Hon. John W. Wise, P.J
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 2018CA0045


O P I N IO N


CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of
Common Pleas, Case No. 2017CR1934


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 3, 2018


APPEARANCES:


For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
STARK COUNTY, OHIO

KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
110 Central Plaza, South – Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

BERNARD L. HUNT
2395 McGinty Road, N.W.
North Canton, Ohio  44720

*Hoffman, J.*

{¶1} Defendant-appellant Elliott Eutsey appeals his convictions and sentence entered by the Stark County Court of Common Pleas, following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On November 16, 2017, the Stark County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree; one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the first degree; and one count of intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(A), a misdemeanor of the first degree, all resulting from an incident involving Kimberly Mitchell, the mother of Appellant's three children. Appellant appeared for arraignment on November 22, 2017, and entered a plea of not guilty to the Indictment.

{¶3} After Mitchell refused to cooperate with the state's requests she meet to prepare for trial and avoided service of the subpoena for trial on three occasions, the state filed a motion for custody of material witness on February 5, 2018. The trial court ultimately granted the motion. The state also filed a notice of intent to introduce evidence pursuant to Evid.R. 804(B)(6). Therein, the state sought a ruling allowing it to admit Mitchell's prior testimonial statements, arguing Appellant's wrongdoing caused the victim to be unavailable; therefore, the statements were not barred by the Confrontation Clause.

{¶4} Appellant made hundreds of calls from the jail to Mitchell. Via Order filed February 6, 2018, the trial court prohibited Appellant from making any jail calls other than to his attorney or for a verified medical emergency.

**{¶5}** Appellant's third attorney, Kyle Stone, entered a notice of appearance on February 27, 2018. The trial court appointed Attorney Rick Pitinii to assist in Appellant's defense. Via Judgment Entry filed March 13, 2018, the trial court granted the state's notice of intent to introduce evidence pursuant to Evid. R. 804(B)(6).

**{¶6}** The matter proceeded to trial on March 14, 2018.

**{¶7}** Canton City Police Officer Anthony Birone testified he was dispatched to 822 Milton Court NW, Canton, Ohio, at approximately 6:30 a.m. on October 1, 2017. When he arrived, Officer Birone observed an SUV resting against the side of the residence. Officer Birone proceeded to the front door where he was met by a female who stated Appellant, her daughter Kimberly Mitchell's boyfriend, had struck Mitchell in the head.

**{¶8}** Officer Birone indicated his body camera was activated and working when he spoke to Mitchell. The state played footage from the video. Officer Birone testified the first segment of the video fairly and accurately depicted his conversation with Mitchell as to the ownership of the SUV and how the vehicle had come to be damaged. He further testified the second and third segments of the video fairly and accurately depicted his conversation with Mitchell during which she informed him Appellant had punched her in the forehead, identified Appellant, and provided Officer Birone with his date of birth. Officer Birone also stated the final segment of the video fairly and accurately depicted his conversation with Mitchell during which she told him the names of her three children and indicated Appellant was the father of two of the children.

**{¶9}** Officer Birone testified he personally observed Mitchell write a Voluntary Witness Statement, which he identified at trial. The officer read the Voluntary Witness

Statement to the jury as follows:

It says Elliot Eutsey (father of children) came over to visit. He was drunk and can tell had some drug out of, of some sort of -- I can't read this next word -- to his behavior. He was accusing me of cheating even though we have not been together. He punched me in the head causing a knot on it. He then broke my phone after trying to contact his mother. He then threw a playpen at the window and then broke it. He grabbed my car keys and drove car into pole, then took off. Trial Transcript at 120-121.

**{¶10}** Officer Birone described Mitchell's injuries. He indicated he observed damage to the interior and exterior of the residence as well as a mangled playpen under a window. Thereafter, the state played audio recordings of two telephone calls made on October 20, 2017. Officer Birone identified the female voice as belonging to Mitchell.

**{¶11}** On cross-examination, Officer Birone acknowledged Mitchell did not seek medical attention for her injuries. The officer added the knot on Mitchell's head appeared to be a "fresh" injury.

**{¶12}** Stark County Sheriff's Deputy Anthony Pellegrino testified he has had the opportunity to hear Appellant speak on multiple occasions. Deputy Pellegrino indicated he believed he would be able to identify Appellant's voice. The state played the same audio recordings played during Officer Birone's testimony. Deputy Pellegrino identified the male voice on the recordings as belonging to Appellant.

**{¶13}** The state rested its case. Appellant did not call any witnesses on his behalf.

The trial court instructed the jury. After deliberating, the jury found Appellant guilty of domestic violence and criminal damaging or endangering, but not guilty of intimidation of an attorney, victim or witness in a criminal case. The trial court sentenced Appellant to an aggregate term of imprisonment of 36 months.

{¶14} It is from these convictions and sentence Appellant appeals, raising the following assignments of error:

I. THE APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

II. THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION IN SECTION 10, ARTICLE 1.

III. THE TRIAL COURT'S FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.

I

{¶15} In his first assignment, Appellant raises a claim of ineffective assistance of counsel.

{¶16} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or

unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption counsel provided competent representation and must show counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687.

**{¶17}** Trial counsel is entitled to a strong presumption all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989), quoting *Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.

**{¶18}** "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

**{¶19}** Appellant cites two instances which he contends establish trial counsel's performance fell below an acceptable standard of reasonable representation. We shall address each in turn.

**{¶20}** The first instance of alleged ineffectiveness occurred during Opening

Statement when Attorney Stone was allegedly admonished by the trial court:

> MR. STONE: * * * However, the alleged victim felt bad afterwards for fabricating the story, for embellishing what took place, and so there was a discussion about how she was going to make it right, there was a discussion of how she was going to fix it because she knew what she did wrong.
>
> And so the, the recordings of the phone calls that you might hear won't be Mr. Eutsey intimidating or hindering; it will be hey, I'm in jail and this isn't what we discussed, you said that you were going to do -- this -- that's what you will hear. You won't hear in those conversations don't go testify, don't go do this, don't go do that; you won't hear that in those recordings. But you will hear an individual who is in jail and, rightfully so, upset when you were supposed to get this right and it didn't happen.
>
> But the damage was already done. The damage -- the, the warrant was already issued. The damage was done, and so here we are. The alleged victim MIA. Here we are though, the Defendant having to defend himself.
>
> The Court: Okay, I want to hear an opening statement not a closing argument. What's your evidence going to show, sir?
>
> Trial Transcript at 107-108.

**{¶21}** We find this portion of Attorney Stone's opening statement which prompted the trial court's comment did not rise to that level of deficient performance required to

support a claim of ineffective assistance of counsel on either prong one or two of the *Strickland* test.

**{¶22}** Appellant's second instance of alleged ineffective assistance is trial counsel's failure "to object to inadmissible hearsay by Officer Birone relative to the alleged injury." Brief of Appellant at 4. Appellant specifically references page 115 of the trial transcript. The prosecutor asked Officer Birone, "What happened after you finished looking around outside?" Officer Birone responded, "I was confronted at the front door by a female who made the statement that her daughter's boyfriend had been there and had struck her in the head." Tr. at 115. Defense counsel did not object.

**{¶23}** The failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel. *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 103. Because the referenced testimony was cumulative to the victim's statements admitted at trial, we find Appellant cannot satisfy the second prong of the *Strickland* test.

**{¶24}** Appellant has failed to demonstrate how his trial counsel's performance was deficient or that the result of the trial would have been different. Accordingly, he cannot prevail on his claim of ineffective assistance. *Strickland,* 466 U.S. at 687.

**{¶25}** Appellant's first assignment of error is overruled.

II

**{¶26}** In his second assignment of error, Appellant submits the trial court violated his constitutional right to confront witnesses under the Sixth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution.

**{¶27}** Although Appellant specifically assigns as error a violation of his Sixth

Amendment right to confront witnesses and references such in the first paragraph of his argument in support of this assignment of error, the remaining portion of his argument fails to advance this contention. Our review of the record reveals no objection based upon the confrontation clause was asserted at trial.[1]

**{¶28}** The state did not respond to Appellant's confrontation clause assertion. Because defense counsel failed to preserve this error, we find it unnecessary to address it further as the error is waived.

**{¶29}** Within this assignment of error, Appellant also contends the trial court erred in granting the state's notice of intent to introduce evidence pursuant to Evid. R. 804(B)(6). We review the trial court's determination of admissibility under Evid. R. 804(B)(6) for an abuse of discretion. *State v. Hand,* 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, at ¶ 92.

**{¶30}** Evid. R. 804(B)(6), which provides an exception to the hearsay rule, reads:

(6) *Forfeiture by Wrongdoing.* A statement offered against a party if the unavailability of the witness is due to the wrongdoing of the party for the purpose of preventing the witness from attending or testifying. However, a statement is not admissible under this rule unless the proponent has given to each adverse party advance written notice of an intention to introduce the statement sufficient to provide the adverse party a fair opportunity to contest the admissibility of the statement.

---

[1] Appellate counsel did not specifically raise a claim of ineffective assistance of trial counsel for failing to object to the violation of Appellant's Sixth Amendment right to confront witnesses.

**{¶31}** Specifically, Appellant maintains because he was acquitted of the intimidation charge, the state did not establish his actions caused Mitchell's absence; therefore, Evid. R. 804(B)(6) was inapplicable and the trial court abused its discretion in admitting her testimonial statements. We disagree. We find the fact Appellant was ultimately acquitted of the intimidation charge does not render the trial court's earlier evidentiary ruling Mitchell's testimonial statements to Officer Birone were admissible as an exception to the hearsay rule an abuse of discretion.

**{¶32}** Appellant's second assignment of error is overruled.

III

**{¶33}** Appellant challenges his conviction as against the manifest weight of the evidence, and based upon insufficient evidence.

**{¶34}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997–Ohio–52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). Therein, the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus.

**{¶35}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered'." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶36}** "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), at paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses.

**{¶37}** Appellant was convicted of domestic violence, in violation of R.C. 2919.25(A), which prohibits a person from knowingly causing or attempting to cause physical harm to a family or household member. R.C. 2901.01(A)(3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Appellant was also convicted of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), which provides, "No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent."

**{¶38}** As set forth in our Statement of the Case and Facts, Officer Birone arrived at 822 Milton Court NW, Canton, Ohio, at approximately 6:30 a.m. on October 1, 2017, and observed an SUV resting against the side of the residence. The officer spoke with Kimberly Mitchell, the victim, who advised him Appellant, the father of her children, arrived at the residence, either drunk or high, and accused her of cheating on him. Appellant

punched Mitchell in the head, causing a knot. Appellant broke her phone then threw a playpen out the window. He grabbed her car keys and drove her car into pole, then fled. Officer Birone described Mitchell's injuries. He indicated he observed damage to the interior and exterior of the residence as well as a mangled playpen under a window.

{¶39} Upon our review of the record, we find any rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found Appellant knowingly caused or attempted to cause physical harm to Mitchell, and caused or created a substantial risk of physical harm to Mitchell's vehicle and the playpen without her consent. We further find the trier of fact clearly did not lose its way and create such a manifest miscarriage of justice warranting the reversal of the judgment.

{¶40} Appellant's final assignment of error is overruled.

{¶41} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Wise, P.J. and

Delaney, J. concur