[Cite as *State v. Eutsey*, 2020-Ohio-2756.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2018-CA-00045 |
| ELLIOTT M. EUTSEY | |
| Defendant-Appellant | O P I N IO N |

CHARACTER OF PROCEEDINGS: Appeal from the Stark County Court of
Common Pleas, Case No. 2017-CR-1934

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: April 29, 2020

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
110 Central Plaza, South – Suite #510
Canton, Ohio  44702-1413

For Defendant-Appellant

GEORGE URBAN
116 Cleveland Avenue, N.W.
808 Courtyard Centre
Canton, Ohio  44702

*Hoffman, P.J.*

{¶1}  Defendant-appellant Elliot Eutsey appeals his convictions and sentence entered by the Stark County Court of Common Pleas, upon this Court's granting of his Application for Reopening. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2}  On November 16, 2017, the Stark County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A), a felony of the third degree; one count of criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), a misdemeanor of the first degree; and one count of intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(A), a misdemeanor of the first degree, all resulting from an October 1, 2017 incident involving Kimberly Mitchell, the mother of Appellant's three children.  Appellant was arrested on October 6, 2017, and was held in the Stark County Jail throughout the pendency of the matter.  Appellant appeared for arraignment on November 22, 2017, and entered a plea of not guilty to the Indictment.  The trial court appointed Attorney Kimberly Stout to represent Appellant.

{¶3}  At his initial pretrial on December 4, 2017, the trial court advised Appellant, in exchange for his entering a guilty plea, the court would order Appellant to complete a presentence investigation with judicial release being the worst possible outcome. Appellant requested time to consider the offer, and the trial court continued the pretrial for one week to give Appellant time to do so.  At the pretrial held on December 11, 2017, Appellant requested a jury trial.  The trial court scheduled the matter for trial on January 4, 2018.  The trial court conducted the third pretrial hearing on December 29, 2017, at which time the 30 hours of jail house calls made between Appellant and Mitchell were

discussed. Appellant asserted some of these calls were "exculpatory evidence." The trial court also noted Appellant was being held on bond in the instant action, but was also being held on a probation holder in two unrelated cases; therefore, he was not entitled to "triple count" and the State had 270 days in which to bring him to trial in order to preserve Appellant's speedy trial rights. The trial court continued the trial until February 6, 2018.

{¶4} At the fourth pretrial on January 29, 2018, the prosecutor advised the trial court the State had made a new offer to Appellant. In exchange for his entering a guilty plea, the State would recommend a term of incarceration of 12 months, to be served consecutively to the sentence imposed by Stark County Common Pleas Judge John Haas for the probation violations in the unrelated cases. Appellant rejected the offer.

{¶5} On February 5, 2018, the State filed a Notice of Intent to Introduce Evidence pursuant to Evidence Rule 804(B)(6), asking the trial court to admit the prior testimonial statements of the victim, Kimberly Mitchell. The State argued Appellant's wrongdoing caused the victim to be unavailable; therefore, the statements were not barred by the Confrontation Clause. Specifically, the State sought to admit the body camera footage of Mitchell's statement to the police and Mitchell's written statement. On February 6, 2018, the trial court conducted a pretrial. The State indicated it had counted over 130 jail calls between Appellant and Mitchell. Due to Appellant violating the trial court's no contact order, the trial court revoked Appellant's jail phone privileges except for calls to his attorney. The State also filed a Motion for Custody of a Material Witness as its attempt to secure Mitchell's appearance had been futile and Mitchell appeared to be avoiding service of the subpoena for trial. The trial court granted the motion via Order filed February 5, 2018. The trial court also issued a capias for Mitchell.

**{¶6}** At a pretrial on February 13, 2018, the State requested a continuance as it had been unable to locate Mitchell and law enforcement had been unable to serve the capias. Mitchell refused to cooperate, failing to keep her appointments with prosecutors, failing to answer her door when the state attempted in-person contact, and failing to appear in court. The State advised the trial court Mitchell's presence was necessary for the State to proceed with its case. The defense objected to any further continuances. The trial court continued the matter until February 21, 2018.

**{¶7}** Mitchell failed to appear for trial on February 21, 2018. The State made a record of its attempts to reach her. Despite the trial court's revocation of his jail phone privileges, Appellant had called Mitchell 15 times and had 7 conversations with her. Over defense objection, the trial court continued the trial until March 8, 2018.

**{¶8}** At a pretrial on March 5, 2018, Appellant appeared with new counsel, Attorney Kyle Stone, whom Mitchell had retained on Appellant's behalf. Attorney Stone requested a continuance until March 14, 2018. The trial court advised Attorney Stone it would appoint a more seasoned attorney to assist him in trying the case. The State recounted its continued attempts to secure Mitchell's appearance at trial.

**{¶9}** On March 8, 2018, Appellant filed an objection to the State's Notice of Intent to Introduce Evidence pursuant to Evidence Rule 804(B)(6). Specifically, Appellant objected to "the proposed use of Defendant and alleged victim's phone conversation as evidence." At the final pretrial on March 12, 2018, Appellant rejected the State's offer of a 24 month prison term. The trial court appointed Attorney Rick Pitinii to serve as co-counsel. The trial court granted the State's Notice of Intent to Introduce Evidence via Judgment Entry filed March 13, 2018.

{¶10} The matter proceeded to trial on March 14, 2018. Prior to the trial commencing, Appellant noted his objection to the trial court's March 13, 2018 ruling on the State's Notice of Intent to Introduce Evidence, arguing the phone calls did not rise to the level of forfeiture wrongdoing. Appellant did not address the police body camera footage or Mitchell's written statement. Appellant stipulated to the authenticity of the jail phone calls the State intended to introduce, but did not stipulate to the parties to those calls. Mitchell did not appear at trial.

{¶11} During the testimony of Officer Anthony Birone, the State played body camera footage of Mitchell's testimonial statement to police. Appellant did not object to the admission of the body camera footage at the time it was played in court or when the State offered it into evidence. Officer Barone also read Mitchell's written statement into the record. Appellant did not object to the witness statement when it was read during Officer Barone's testimony or when the State offered it into evidence.

{¶12} After hearing all the evidence and deliberating, the jury found Appellant guilty of domestic violence and criminal damaging or endangering, but not guilty of intimidation of an attorney, victim or witness in a criminal case. The trial court sentenced Appellant to an aggregate term of imprisonment of 36 months. Appellant appealed his convictions and sentence to this Court, which affirmed. *State v. Eutsey*, 5th Dist. Stark App. No. 2018CA0045, 2018 -Ohio- 4807.

{¶13} On February 26, 2019, Appellant filed a pro se Application for Reopening pursuant to App. R. 26(B) and *State v. Murnahan*. Therein, Appellant alleged appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel due to trial counsel's failure to object to the trial court's denial of his right to confront

witnesses against him; failure to file a motion to dismiss on speedy trial grounds; and failure to challenge the seated jury which did not include any African Americans. Via Judgment Entry filed April 3, 2019, this Court granted reopening for consideration of the assignments of error raised in Appellant's Application for Reopening. We ordered the parties to proceed with briefing as if on initial appeal.

{¶14} Appellant raises the following assignments of error:

I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S DENIAL OF HIS RIGHT TO CONFRONT WITNESSES AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL DID NOT FILE A MOTION TO DISMISS ON THE GROUNDS THAT THE TRIAL COURT DENIED APPELLANT HIS RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

III. APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS WERE VIOLATED BECAUSE THERE WERE NO AFRICAN AMERICAN JURORS IN HIS VENIRE.

Ineffective Assistance of Appellate Counsel

{¶15} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In order to warrant a finding counsel was ineffective, Appellant must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley.  Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). We apply the *Strickland* test to all claims of ineffective assistance of counsel, both trial counsel, or appellate counsel. *State v. Turner,* Licking App. No.2006–CA–123, 2007–Ohio–4583; *State v. Godfrey* (Sept. 2, 1999), Licking App. No. 97CA0155, 1999 WL 770253.

{¶16} In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. *Jones v. Barnes,* 463 U.S. 745, 751–752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Therefore, judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. *State v. Allen,* 77 Ohio St.3d 172, 1996–Ohio–366, 672 N.E.2d 638

I.

{¶17} In his first assignment of error, Appellant contends appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel due to trial

counsel's failure to object to the trial court's denial of his right to confront witnesses against him.

{¶18} The Confrontation Clause of the Sixth Amendment to the United States Constitution provides "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him." *State v. Anderson,* 154 Ohio App.3d 789, 2003–Ohio–5439, 798 N.E.2d 1155, ¶ 22 (7th Dist.). Furthermore, the Ohio Constitution, Article I, Section 10, states in pertinent part: "* * * In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face * * *."

{¶19} In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held testimonial statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify, and the defendant had a prior opportunity for cross-examination. *State v. Garrison*, 5th Dist. Muskingum No. CT2017-0034, 2018-Ohio-1048, ¶ 13.

{¶20} "Forfeiture by wrongdoing has long been recognized as an equitable exception to a defendant's constitutional right to confront the witnesses against him." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 96, citing *Giles v. California*, 554 U.S. 353, 366, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008), and *Reynolds v. United States*, 98 U.S. 145, 158, 25 L.Ed. 244 (1878). Ohio codified this doctrine in 2001, as a hearsay exception under Evid.R. 804(B)(6), which provides:

(B) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(6) Forfeiture by Wrongdoing. A statement offered against a party if the unavailability of the witness is due to the wrongdoing of the party for the purpose of preventing the witness from attending or testifying. However, a statement is not admissible under this rule unless the proponent has given to each adverse party advance written notice of an intention to introduce the statement sufficient to provide the adverse party a fair opportunity to contest the admissibility of the statement.

{¶21} To admit statements under this exception, a prosecutor must show by a preponderance of the evidence: (1) the defendant engaged in wrongdoing which caused the witness to be unavailable, and (2) one purpose for the wrongdoing was to make the witness unavailable to testify. See, *State v. Fry*, supra at ¶ 106; *State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 84. The State need only show the defendant's wrongdoing, which caused the witness's unavailability, "was motivated in part by a desire to silence the witness." *Hand*, supra, at ¶¶ 84, 90.

{¶22} Our standard of review of evidentiary rulings implicating the Confrontation Clause is de novo. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 97, *citing United States v. Henderson,* 626 F.3d 326, 333 (6th Cir.2010).

{¶23} Appellant argues the State failed to establish he engaged in wrongdoing. Appellant explains he did not physically harm Mitchell, he did not threaten Mitchell during the phone calls, and he did not directly tell Mitchell not to appear in court. Appellant

submits the jury's acquitting him of the charge of intimidation of an attorney, victim, or witness in a criminal case confirms he did not engage in any wrongdoing which caused Mitchell to be unavailable. We disagree.

{¶24} In support of its Notice of Intent to Introduce Evidence, the State provided the trial court with the jail phone records establishing Appellant made over 100 calls to Mitchell although there was a no contact order in place. The trial court listened to the recordings of the calls and found Appellant had attempted to dissuade Mitchell from testifying. March 13, 2018 Judgment Entry at 3, unpaginated. Despite revoking Appellant's jail phone privileges on February 6, 2018, Appellant continued to call Mitchell, making an additional 15 calls and having 7 conversations with Mitchell as of February 21, 2018. Additionally, the evidence established Mitchell refused to cooperate with the State, failing to return phone calls, refusing to appear at the Prosecutor's Office, and not answering her door when police officers presented at her home. When Mitchell eventually contacted the prosecutor, she was instructed to appear in court the following Monday, but did not do so.

{¶25} We find the trial court did not err in admitting Mitchell's testimonial statements as the State showed by a preponderance of the evidence Appellant engaged in wrongdoing which caused Mitchell to be unavailable, and the purpose for the wrongdoing was to make Mitchell unavailable to testify. We further find the trial court did not deny Appellant his right to confront witness against him Accordingly, Appellant is unable to establish any prejudice resulting from trial counsel's failure to object to the trial court's admission of said evidence, and appellate counsel was, likewise, not ineffective for failing to raise this claim on direct appeal.

**{¶26}** Appellant's first assignment of error is overruled.

II

**{¶27}** In his second assignment of error, Appellant asserts appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel due to trial counsel's failure to file a motion to dismiss on speedy trial grounds.

**{¶28}** R.C. 2945.71(C)(2) requires "[a] person against whom a charge of felony is pending * * * be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(E) provides "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." In *State v. McDonald*, 48 Ohio St.2d 66 (1976), the Ohio Supreme Court held the triple count provision applies "only to those defendants held in jail in lieu of bail solely on the pending charge." *Id.* at syllabus. As such, when an accused is also being held in jail on a probation violation holder, the triple count provision does not apply. *State v. Martin* (1978), 56 Ohio St.2d 207.

**{¶29}** Appellant concedes he was not entitled to the triple count provision set forth in R.C. 2945.71(E) because he was also being held in the Stark County Jail on a probation violation holder. Accordingly, the State had 270 days from October 6, 2017, in which to bring Appellant to trial.

**{¶30}** Appellant was arrested on October 6, 2017. On November 27, 2017, the State requested discovery from Appellant. A review of the docket does not establish whether Appellant ever responded to the request. The failure of a criminal defendant to respond to a request for reciprocal discovery within a reasonable time constitutes neglect which tolls the running of the statutory speedy trial time. *State v. Palmer*, 112 Ohio St.3d 457, paragraph one of the syllabus, 860 N.E.2d 1011 (2007).

**{¶31}** On March 5, 2018, Appellant appeared before the trial court with new counsel, Attorney Kyle Stone. Attorney Stone requested a continuance until March 14, 2018, which the trial court granted. "[S]tatutory speedy trial time is tolled when a defendant's request for a continuance is made in open court and on the record, or the reasons for the request are evident from the record, regardless of whether the trial court specifically journalizes those reasons on its docket." *State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, ¶ 25.

**{¶32}** Appellant complains the trial court violated his constitutional right to a speedy trial by granting the State three continuances as it had been unable to secure Mitchell' appearance at trial. As discussed in detail in our analysis of Appellant's first assignment of error, supra, Appellant's wrongdoing caused Mitchell to be unavailable for trial. "When the facts and circumstances of the case show that the underlying source of the delay was attributable to the defendant," those delays must be so attributed. *Id.*, citing *State v. Bauer*, 61 Ohio St.2d 83, 84, 399 N.E.2d 555 (1980). Further, although the Ohio Supreme Court has found "there may be situations wherein the [speedy trial] statutes do not adequately afford the protection guaranteed by the federal and state constitutions" and it is the duty of the court "to see that an accused receives the protection of the higher authority," *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, we do not believe this case is one in which the statutes do not apply as Appellant was brought to trial within a reasonable time.

**{¶33}** Based upon the foregoing, we find the trial court did not violate Appellant's right to a speedy trial pursuant to R.C 2945.71 as he was tried 158 days after his arrest. We further find the trial court did not violate Appellant's constitutional right to a speedy

trial as any delays were the result of his wrongdoing, and he was, otherwise, brought to trial within a reasonable time.

{¶34} Because we have found no statutory or constitutional violations of Appellant's speedy trial rights, we find Appellant cannot establish he was prejudiced by trial counsel's failure to file a motion to dismiss evidence, and appellate counsel was, likewise, not ineffective for failing to raise this claim on direct appeal.

{¶35} Appellant's second assignment of error is overruled.

III

{¶36} In his final assignment of error, Appellant submits appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel due to trial counsel's failure to challenge the seated jury which did not include any African Americans.

{¶37} The Sixth Amendment guarantee to a jury trial "contemplates a jury drawn from a fair cross section of the community." *Taylor v. Louisiana* (1975), 419 U.S. 522, 527, 95 S.Ct. 692, 696, 42 L.Ed.2d 690, 696. To establish a violation of this requirement, the "defendant must prove: (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the representation is due to systematic exclusion of the group in the jury-selection process." *State v. Fulton* (1991), 57 Ohio St.3d 120, 566 N.E.2d 1195, paragraph two of the syllabus, citing *Duren v. Missouri* (1979), 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579, 586–587.

**{¶38}** A criminal defendant has no affirmative right to a jury of a particular racial, gender or age composition. See, *United States v. Mack,* 159 F.3d 208 (6th Cir.1998); *Taylor v. Louisiana*, supra at 538.

**{¶39}** We find nothing in the record to support Appellant's assertion there were no African American jurors in his jury pool.  The transcript of the voir dire does not provide any information regarding the ethnic origins of the jurors.   Moreover, Appellant's claim is based solely on alleged underrepresentation on *his* venire.   However, underrepresentation on a single venire is not *systematic* exclusion violative of a defendant's rights under the Sixth Amendment. *State v. McNeill*, 83 Ohio St.3d 438, 444, 700 N.E.2d 596 (1998).

**{¶40}** The record lacks any evidence which establishes a violation of Appellant's right to a jury of his peers.  Because Appellant failed to demonstrate a violation of his Sixth Amendment rights, we find Appellant cannot establish he was prejudiced by trial counsel's failure to challenge the seated jury evidence, and appellate counsel was, likewise, not ineffective for failing to raise this claim on direct appeal.

**{¶41}** Appellant's third assignment of error is overruled.

**{¶42}** The judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur