JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Goffredo Di Fiore, appeals from the Lyndhurst Municipal Court, arguing that his case should have been dismissed because of a speedy trial violation. Finding no error in the proceedings below, we affirm.
 {¶ 2} Di Fiore was cited for speeding, a violation of section 434.03 of the Codified Ordinances of the City of Lyndhurst, on April 8, 2006. His court date was April 17. On April 13, Di Fiore filed miscellaneous correspondence with the court, which was treated as a motion to dismiss by the court. On April 17, the trial court denied Di Fiore's motion to dismiss and continued the case until April 24 because of Di Fiore's failure to appear.
 {¶ 3} Di Fiore failed to appear on April 24. A warrant was issued for his arrest on June 1. On June 6, Di Fiore was arrested and released. He was arraigned on June 19. On June 19, Judge Mary Kaye Bozza moved to recuse herself. Judge William Anthony Kobelak was assigned effective June 30. On July 6, Di Fiore filed numerous motions, including a motion to dismiss for speedy trial violation. On July 17, the trial date, the court denied Di Fiore's motion to dismiss for speedy trial violation, and Di Fiore entered a no contest plea to the ticket. He was found guilty. Di Fiore appeals, advancing one assignment of error for our review, which states the following:
 {¶ 4} "The trial court erred when it failed to dismiss the case based on violations of the defendant-appellant's right to a speedy trial." *Page 4 
 {¶ 5} Di Fiore argues that his speedy trial rights were violated and that the trial court should have dismissed his case. Di Fiore was charged with a minor misdemeanor. According to R.C. 2945.71, "a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons."
 {¶ 6} When reviewing a speedy trial question, the appellate court must count the number of delays chargeable to each side and then determine whether the number of days not tolled exceeded the time limits under R.C. 2945.71. State v. Borrero, Cuyahoga App. No. 82595, 2004-Ohio-4488, citing State v. Barnett, Fayette App. No. CA2002-06-011, 2003-Ohio-2014. The question of whether the trial court's ruling on a speedy trial issue was correct is a mixed question of law and fact. Id. The appellate court gives due deference to the trial court's findings of fact so long as those findings are supported by competent, credible evidence. Id. Nonetheless, the appellate court must review whether the court applied the law to the facts properly. Id. Furthermore, speedy trial statutes are strictly construed against the state. Brecksville v. Cook,75 Ohio St.3d 53, 1996-Ohio-171.
 {¶ 7} R.C. 2945.72 provides as follows:
 "The time within which an accused must be brought to trial, * * *, may be extended only by the following:
 "* * * *Page 5 
 "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *."
 {¶ 8} In this case, Di Fiore was cited on April 8. He filed a motion with the court on April 13, which was interpreted as a motion to dismiss. A motion to dismiss acts to toll the time in which a defendant must be brought to trial. State v. Bickerstaff (1984), 10 Ohio St.3d 62,67. The motion was denied on April 17; however, Di Fiore failed to appear because he was away on a family vacation. Failure to appear tolls the time. R.C. 2945.72(D). The trial court continued the case until April 24, when Di Fiore failed to appear again, thus continuing to toll the time.
 {¶ 9} On June 6, Di Fiore was arrested on a warrant issued because of his failure to appear. He was released that same day. Time began to run again on June 7, because the day of arrest does not count against the state for purposes of determining whether a criminal defendant's right to a speedy trial has been violated. State v. Pierson,149 Ohio App.3d 318, 2002-Ohio-4515.
 {¶ 10} Di Fiore was arraigned on June 19. That same day, Judge Bozza moved to recuse herself. The time was tolled until Judge Kobelak was assigned effective June 30 pursuant to R.C. 2945.72(H), which permits the time limits for trial *Page 6 
to be tolled during the period of "* * * any reasonable continuance granted other than upon the accused's own motion."
 {¶ 11} Finally, on July 6, Di Fiore filed numerous motions, including motions for discovery and his motion to dismiss for speedy trial violation. "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72." State v. Brown, 98 Ohio St.3d 121,2002-Ohio-7040, at the syllabus. As previously mentioned, a motion to dismiss is also a tolling event. On July 17, the date of trial, the trial court denied Di Fiore's motion to dismiss for speedy trial violation, and Di Fiore pled no contest.
 {¶ 12} As of the trial date, July 17, twenty-one days had passed; therefore, we find that the trial court did not err when it denied Di Fiore's motion to dismiss for speedy trial violation. Di Fiore's speedy trial rights were not violated. Accordingly, Di Fiore's sole assignment of error is overruled.[1]
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, JUDGE
COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] At oral argument, Di Fiore stated that he suffered a collateral disability because he was assessed points on his driving record, thus making his appeal survive a mootness argument. We note that In reS.J.K., 114 Ohio St.3d 23, 2007-Ohio-2621, was decided after Di Fiore's brief was filed, wherein the court held that "[t]he imposition of points on a traffic offender's driving record is a statutorily imposed penalty sufficient to create a collateral disability as a result of the judgment and preserves the justiciability of an appeal even if the offender has voluntarily satisfied the judgment." *Page 1