[Cite as *State v. Mathews*, 2020-Ohio-5249.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-394 |
| | | (M.C. No. 2017 CRB 7881) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [Kimberly N. Mathews, Administrator of the Estate of Terrance T. Glenn, Jr.], | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on November 10, 2020

**On brief**: *Zach Klein*, City Attorney, *Lara N. Baker*, and *Melanie R. Tobias*, for appellee.

**On brief**: *The Tyack Law Firm Co., L.P.A.*, and *Holly B. Cline*, for appellant.

APPEAL from the Franklin County Municipal Court

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Terrance T. Glenn, Jr., from a judgment of conviction and sentence entered by the Franklin County Municipal Court following his entry of a no contest plea to domestic violence and assault.

{¶ 2} On April 15, 2017, appellant was charged with one count of domestic violence, in violation of R.C. 2919.25(A), and one count of assault, in violation of Columbus City Code 2303.13(A), both misdemeanors of the first degree. Appellant was arrested on April 16, 2017 and was released on bond April 21, 2017. The case was assigned to Judge David Tyack and the court scheduled a pre-trial hearing for May 3, 2017.

{¶ 3} On May 2, 2017, attorney Jonathon T. Tyack filed an appearance on behalf of appellant. On May 3, 2017, the trial court granted a continuance at the request of

appellant's counsel.  On June 29, 2017, the date of the second pre-trial hearing, the trial court granted a further continuance, and the case was set for a jury trial on August 7, 2017.

{¶ 4}  On August 7, 2017, the trial judge filed a recusal entry stating: "To avoid the appearance of impropriety, this branch of the Court respectfully seeks to recuse itself from this case.  The Assignment Commissioner shall reassign this case to another Judge by random lot."  (Aug. 7, 2017 Recusal Entry.)  On August 8, 2017, the administrative judge filed an entry stating in part: "In that Judge Tyack has recused himself from the above assigned case, the Assignment Commissioner is hereby directed to assign the above styled case to another judge by lot."  (Aug. 8, 2017 Entry.)

{¶ 5}  On August 9, 2017, the case was assigned to a new trial judge (Judge Salerno).  On August 21, 2017, the assignment office processed the newly assigned case and a jury trial date was set for September 11, 2017.  Notices of the rescheduled trial date were sent on that date.

{¶ 6}  On September 11, 2017, the case was continued at the request of appellant's counsel.  On October 23, 2017, counsel for appellant filed a motion to dismiss on speedy trial grounds, asserting the state failed to bring him to trial within 90 days after his arrest.  By entry filed November 6, 2017, the case was reassigned for trial for December 1, 2017.  On November 28, 2017, the state filed a response to the motion to dismiss.

{¶ 7}  On December 1, 2017, the trial court conducted a hearing on the speedy trial motion.  During the hearing, the parties submitted a joint exhibit, and the prosecutor represented that "the documents * * * we are about to submit to the Court are relevant to the determination of speedy trial in this case and they're not in dispute."  (Dec. 1, 2017 Tr. at 3.)  Noting agreement between the parties as to "all the tolling events and all the time that has passed for everything that occurred prior to August 7th and everything that occurred after September 11th," the prosecutor framed the issue before the court as "how much, if any, of this time frame from August 7th to August 21st is chargeable to the State and how much would constitute * * * a continuance * * * other than the defendant's request pursuant to 2945.72(H)."  (Dec. 1, 2017 Tr. at 7.)

{¶ 8}  The record then reflects the following exchange between the trial court and the prosecutor:

> THE COURT: Was there some delay in that coming to me from between the August 9th and August 21st date?

> [THE PROSECUTOR]: Your Honor, in the record, all that exists is the fact the case was assigned to this court on August 9th and that the case was subsequently on August 21st assigned by this Court to a jury trial date of September 11th. Outside of the record, it would be understood that both the Court and the bailiff were on vacation during that period of time, but that's not reflected in the entries.

(Dec. 1, 2017 Tr. at 8.)

{¶ 9} By decision and entry filed January 3, 2018, the trial court denied the motion to dismiss. In its decision, the court initially held: "Counting three days for every day [appellant] remained in jail * * * and tolling time under R.C. 2945.72 based on [appellant's] request for discovery and to continue the pre-trial to June 29, the Court finds that 59 speedy trial days elapsed from April 17 to August 7." The trial court noted that, on August 7, 2017, "the previously assigned judge filed an entry of recusal," and the administrative judge then "directed the Assignment Commissioner to reassign the case by lot on August 8, and the case was assigned to the undersigned Judge on August 9." Further, on August 21, 2017, "the case was scheduled for jury trial on September 11." (Jan. 3, 2018 Decision at 1.) The trial court noted the parties' agreement that "time has been tolled since September 11, based on [appellant's] request for continuance and subsequent filing of the instant motion," but that the parties "disagree on how to attribute the days that elapsed between August 7 and August 21, for speedy trial purposes." (Jan. 3, 2018 Decision at 1-2.)

{¶ 10} The trial court held, "as a matter of law, that speedy trial time tolled from the date of the recusal entry on August 7 until the date the case was rescheduled on August 21." With respect to the events from August 7 until August 9, 2017, the court found that a trial judge's recusal "tolls speedy trial time at least until another judge is assigned, as a 'reasonable continuance granted other than upon the accused's own motion.' " The trial court further held that "tolling time until the newly assigned judge schedules the case for trial ought to be included within the 'reasonable' time contemplated to address the unavailability of the court embodied in the recusal entry." Specifically, the court noted, "the undersigned judge has consulted her calendar records, and they show she was previously scheduled to be out of the office, and therefore unavailable to consult for scheduling purposes, during most of the period between August 9 and August 21." The trial court therefore concluded appellant's right to be brought to trial within 90 days "has not been violated" as the rescheduled trial date of September 11, 2017 "was approximately the 80th

day of speedy trial time, after accounting for the various tolling events."  (Jan. 3, 2018 Decision at 2.)

{¶ 11}  On May 7, 2018, appellant entered no contest pleas to both charges.  The trial court entered a finding of guilty and sentenced appellant by entry filed that same date.

{¶ 12}  On appeal, appellant[1] sets forth the following single assignment of error for this court's review:

> The trial court erred by not dismissing Defendant-Appellant's case on statutory speedy-trial grounds, pursuant to R.C. 2945.71 through R.C. 2945.73.

{¶ 13}  Under his single assignment of error, appellant asserts the trial court erred by not dismissing his case on statutory speedy trial grounds pursuant to R.C. 2945.71. Appellant notes agreement between the parties that, due to various tolling events, a total of 59 speedy trial days elapsed by the time of the trial court's sua sponte recusal entry filed on August 7, 2017.  Appellant further argues the parties are in agreement that the time between August 21 and the September 11, 2017 jury trial date (i.e., 21 days) should be counted toward speedy trial time.  Thus, appellant maintains, there is no dispute that at least 80 speedy trial days had elapsed by September 11, 2017.  Appellant argues the sole dispositive issue on appeal is whether the 12-day time period between August 9, 2017 (the date the case was reassigned to a new judge) and August 21, 2017 (the date on which the court scheduled the new trial date) should count for purposes of speedy trial computation.

{¶ 14}  Citing the Supreme Court of Ohio's decision in *State v. Mincy,* 2 Ohio St.3d 6 (1982), appellant argues a continuance that properly extends the speedy trial time limitation under R.C. 2945.72(H) must contain the following requirements: (1) the continuance must be recorded by the trial court in its journal entry, (2) the journal entry must identify the party to whom the continuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons justifying the continuance.  Appellant maintains there is no journal entry setting forth the reasons justifying the continuance.

---

[1] On December 2, 2019, counsel for appellant filed a notice of suggestion of death of appellant. This court stayed the matter to allow time for a personal representative to be substituted as a party. Counsel for appellant subsequently filed a motion for substitution of party of defendant-appellant, which this court granted. By journal entry filed January 21, 2020, this court sua sponte reactivated the case.

{¶ 15} This court's review of a trial court's "decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact." *State v. Watson*, 10th Dist. No. 13AP-148, 2013-Ohio-5603, ¶ 12, citing *State v. Fultz*, 4th Dist. No. 06CA2923, 2007-Ohio-3619, ¶ 8, citing *State v. Brown*, 131 Ohio App.3d 387, 391 (4th Dist.1998).   An appellate court, therefore, "must give due deference to a trial court's findings of fact if supported by competent, credible evidence, but independently review whether the trial court properly applied the law to the facts of the case."  *Id.*

{¶ 16} A criminal defendant is "guaranteed the right to a speedy trial under state and federal law."  *State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, ¶ 15, citing Ohio Constitution, Article I, Section 10; Sixth Amendment to the United States Constitution.  In Ohio, both state and federal constitutional speedy trial guarantees "are codified in R.C. 2945.71 et seq." *Id.*, citing *State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, ¶ 11.  Under R.C. 2945.71(B)(2), "a person against whom a first-degree-misdemeanor charge is pending must be brought to trial within 90 days of [his or] her arrest."  *Id.*  Further, "[u]nder R.C. 2945.71(E), each day that the defendant is incarcerated in lieu of bond on the pending charge counts as three days."  *State v. Kadunc,* 10th Dist. No. 15AP-920, 2016-Ohio-4637, ¶ 9.

{¶ 17} While the time limits under R.C. 2945.71 "must be strictly enforced, R.C. 2945.72 provides a number of events and circumstances that will toll the running of a defendant's speedy-trial time."  *Martin* at ¶ 15*,* citing *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 24.  Under R.C. 2945.72(H), " '[t]he time within which an accused must be brought to trial * * * may be extended' by * * * 'the period of any reasonable continuance granted on the accused's own motion.' "  *Id.*   In accordance with Ohio law,  " '[s]ua sponte continuances are continuances "granted other than on the accused's own motion" ' and toll the speedy-trial time as long as the record reflects 'that the period of the continuance was "reasonable." ' "  *State v. Gartrell*, 3d Dist. No. 9-14-02, 2014-Ohio-5203, ¶ 109, quoting *State v. Kesler*, 3d Dist. No. 13-13-35, 2014-Ohio-3376, ¶ 5.

{¶ 18} In interpreting R.C. 2945.72(H), the Supreme Court has held: "Ideally, '[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial.' " *Ramey* at ¶ 32, quoting *Mincy* at syllabus.  The Supreme Court has further held, however,

that "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Id.* at ¶ 33.

{¶ 19} In accordance with *Ramey,* several Ohio appellate courts have considered, in instances where a trial court has failed to comply with *Mincy,* whether the reasonableness of the continuance was affirmatively demonstrated by the record. *See*, *e.g.*, *State v. Vanscoy,* 9th Dist. No. 26964, 2014-Ohio-3482, ¶ 14-15 (although trial court's order setting pre-trial date and trial date "did not specify any reasons for continuing the trial past the speedy trial deadline," in light of the content of the conversations occurring at pre-trial hearing, "the period of continuance was reasonable as affirmatively demonstrated by the record"); *State v. Roth*, 9th Dist. No. 17CA011083, 2018-Ohio-2564, ¶ 14 (although magistrate's notice of continuance "does not expressly state the reason why the magistrate was continuing the trial after the speedy trial deadline," a review of the state's motion indicates the victim was unavailable for trial due to vacation, and therefore "the reasonableness of the continuance was affirmatively demonstrated by the record"); *State v. Smith*, 4th Dist. No. 16CA10, 2017-Ohio-7864, ¶ 30-31 (rescheduled trial date constituted reasonable continuance under R.C. 2945.72(H); "[a]lthough trial court did not comply with *Mincy*," the reasonableness of continuance " 'is otherwise affirmatively demonstrated by the record' ").

{¶ 20} We initially note that appellant, while citing the fact he argued before the trial court that the two days between Judge Tyack's recusal (on August 7, 2017) and the reassignment of the case to Judge Salerno (on August 9, 2017) should count towards the speedy trial calculation, nevertheless maintains for purposes of appeal that "whether speedy trial time was tolled for these two days is not dispositive of the issues raised by this appeal." (Appellant's Brief at 7.) Ohio courts, however, have found such continuances to accommodate a trial court's recusal and the appointment of a new judge as reasonable under R.C. 2945.72(H). *See*, *e.g.*, *State v. Robinson,* 5th Dist. No. 2008 CA 00283, 2009-Ohio-2981, ¶ 29 (three-day period between recusal and assignment of new judge "was tolled pursuant to R.C. 2945.72(H) as a reasonable continuance granted other than upon the accused's own motion"); *Lyndhurst v. Di Fiore*, 8th Dist. No. 88654, 2007-Ohio-3538, ¶ 10 (finding time tolled, pursuant to R.C. 2945.72(H), for 11-day period between the date trial

judge moved to recuse herself and date new judge was assigned). Accordingly, we find the trial court's August 7, 2017 entry properly tolled the speedy trial time "as a reasonable continuance granted other than upon the accused's own motion." *Robinson* at ¶ 29.

{¶ 21} We therefore turn to appellant's contention that the trial court erred in tolling the speedy trial time for the 12 days between August 9 and 21, 2017. As indicated, appellant contends that, in contravention of *Mincy*, there is no journal entry reflecting the unavailability of the trial court during that time period.

{¶ 22} As noted, the August 7, 2017 entry sets forth the reason for the continuance of the August trial date, i.e., the trial judge sought recusal "[t]o avoid the appearance of impropriety." On August 8, 2017, the administrative judge put on an entry indicating Judge Tyack's recusal and directing the assignment commissioner to reassign the case to another judge by random lot. The case was reassigned the following day (August 9, 2017), and a court notice was issued on August 21, 2017, setting a trial date for September 11, 2017. As further noted, the Supreme Court "has 'recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record.'" *State v. Carr*, 4th Dist. No. 12CA3358, 2013-Ohio-5312, ¶ 31, quoting *Ramey* at ¶ 33. Under such circumstances, "[f]or the continuance to toll speedy trial time, '[t]he record must reflect that the continuance was "reasonable in both purpose and length." ' " *Id.*, quoting *Martin* at 293.

{¶ 23} In the present case, during the hearing on the motion to dismiss on speedy trial grounds, the prosecutor addressed the issue of the delay from August 9 to 21, representing that "both the Court and the bailiff were on vacation during that period of time, but that's not reflected in the entries." (Dec. 1, 2017 Tr. at 8.) Counsel for appellant did not specifically challenge that assertion during the hearing,[2] and indicated to the court "we're not here to argue that 10 days or 14 days is necessarily reasonable or unreasonable." (Dec. 1, 2017 Tr. at 16.) Rather, counsel framed the issue as "not the reasonableness but whether it was a proper continuance under Ohio case law and the relevant statutory provisions." (Dec. 1, 2017 Tr. at 16.)

---

[2] As set forth under the facts, the trial court's subsequent decision and entry denying the motion to dismiss states in part: "[T]he undersigned judge has consulted her calendar records, and they show she was previously scheduled to be out of the office, and therefore unavailable to consult for scheduling purposes, during most of the period between August 9 and August 21." (Dec. 1, 2017 Tr. at 2.)

{¶ 24}  Here, the record indicates the delay from August 7 to 9, 2017 was due to the original trial judge's recusal and the reassignment of the case to a new judge.  The record further indicates the delay from the reassignment date (August 9, 2017) until the date a new trial was scheduled (August 21, 2017) was due to the fact the newly assigned judge, as well as the judge's bailiff, were on vacation at the time of the reassignment (i.e., on the date of the reassignment, the newly assigned judge was unavailable to schedule a new trial date due to a vacation event).  We note, in general, that such events have been deemed adequate to extend the time under R.C. 2945.72(H).  *See*, *e.g.*, *State v. Dase*, 1st Dist. No. C-810844 (Aug. 4, 1982), citing *State v. Lee*, 48 Ohio St.2d 208 (1976) ("trial court's sua sponte continuance made * * * before the expiration of the statutory period, extended the time under R.C. 2945.72(H), the reason as disclosed by the record ('judge on vacation') being adequate"); *State v. Tarpley*, 9th Dist. No. 1587 (Apr. 11, 1979) ("A continuance to permit a judge to take an earned vacation * * * comports with the rationale of *State v. Lee* * * * and is a continuance pursuant to R.C. 2945.72(H) which permits the time requirements of R.C. 2945.71 to be extended.").

{¶ 25}  In his reply brief, appellant argues that the period of time between the trial court's sua sponte recusal (on August 7, 2017) and the reassignment of the case to another judge (on August 9, 2017) constitutes a "closed" tolling event, and that any delay following the reassignment of the new judge is essentially a new tolling event (i.e., a separate continuance) for which the new judge was required to indicate, in a journal entry, the reasons for granting a sua sponte continuance pursuant to R.C. 2945.72(H).  (Appellant's Reply Brief at 4.)  As noted, however, the record indicates the newly assigned judge was unavailable at the time of the reassignment, and we do not view, under the particular circumstances presented, the delay between the reassignment and the setting of the new trial date as unrelated to the initial tolling event (i.e., the sua sponte recusal).

{¶ 26}  Here, Judge Tyack's entry of August 7, 2017 and the administrative judge's entry of August 8, 2017 set forth the reason for the continuance of the August trial date.  The record further reflects the newly assigned trial judge was unavailable at the time of the reassignment based on the prosecutor's unchallenged remarks at the hearing regarding the previously scheduled vacations.  Thus, we conclude the 12-day period at issue was reasonable as to both purpose and length.  Accordingly, the trial court did not err in finding the time for speedy trial was tolled between August 9, 2017 and August 21, 2017.

{¶ 27} Based on the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., concurs
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

## I. INTRODUCTION

{¶ 28} I respectfully dissent from the decision of the majority. The majority affirms a decision of the trial court denying a motion filed by defendant-appellant, Terrance Glenn, Jr., to dismiss the case on speedy trial grounds. The majority first concludes that extensions of the speedy trial deadline are to be strictly construed. Here, no reason was given for the sua sponte court continuance in this case, which resulted in a trial date being set after the expiration of the speedy trial deadline. But the majority concludes that the continuance was "reasonable" and that the trial court did not err in denying Glenn relief.

{¶ 29} I respectfully disagree. I would find that the speedy trial time set by statute had elapsed when Glenn filed his motion to dismiss, that it is not reasonable for a court to sua sponte continue a case beyond the speedy trial deadline without giving a reason or even indicating that the case had been continued, and that the trial court erred as a matter of law in denying Glenn's motion to dismiss.

## II. DISCUSSION

{¶ 30} R.C. 2945.71 provides that "a person against whom a charge of misdemeanor * * * is pending in a court of record, *shall* be brought to trial * * * [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree." (Emphasis added.) R.C. 2945.71(B)(2). And "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). "Upon motion made at or prior to the commencement of trial, a person charged with an offense *shall* be discharged if he is not brought to trial within the time required by [the speedy trial statutes]." (Emphasis added.) R.C. 2945.73(B). In other words, "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute * * * [and] [s]trict compliance with the statute is required." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 14, citing *State v.*

*Cutcher*, 56 Ohio St.2d 383, 384 (1978); *State v. Singer*, 50 Ohio St.2d 103, 105 (1977); *State v. Davis*, 46 Ohio St.2d 444, 448 (1976).

{¶ 31} R.C. 2945.72 provides that a number of events extend (or toll) the time within which an accused must be brought to trial:

> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
>
> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
>
> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
>
> (D) Any period of delay occasioned by the neglect or improper act of the accused;
>
> (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
>
> (F) Any period of delay necessitated by a removal or change of venue pursuant to law;
>
> (G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;
>
> (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
>
> (I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

"These extensions are to be strictly construed, and not liberalized in favor of the state." *Singer* at 109. Moreover, the list is exhaustive and cannot be added to in any degree. *Ramey* at ¶ 24.

{¶ 32} The trial court concluded that 59 days ran from the 90-day speedy trial clock prior to the recusal of the first trial judge on August 7, 2017; neither party to the appeal disputes that conclusion and, based on the record, it appears to be correct.[3] (Jan. 3, 2018 Decision & Entry at 1.) In addition, neither party disputes that the speedy trial clock ran for another 21 days, from August 22, 2017 (the day after the case was set for trial by the new judge post-recusal) until Glenn sought a continuance of trial on September 11, 2018 to argue that the speedy trial clock had run and the case should be dismissed. (Aug. 21, 2017 Notice of Court; Sept. 11, 2017 Continuance Entry.) Thus, it is undisputed that at least 80 days of the 90-day limit had passed when Glenn argued that the speedy trial time had run. The issue is whether the 14 days between the first trial judge's recusal on August 7, 2017 and the new trial judge setting the case for another trial on August 21, 2017 were tolled due to the operation of R.C. 2945.72. If they were not, the speedy trial time was violated by 4 days. If, as the majority concludes, the 14 days were tolled, then the speedy trial time limit was not violated.

{¶ 33} Neither party sought the recusal. The "RECUSAL ENTRY" filed by the first trial judge in the case states that the recusal was "[t]o avoid the appearance of impropriety," apparently relating to the fact that the first judge in the case (Judge Tyack) and the defense attorney (Jonathan Tyack), having the same last names, may have been related. (Aug. 7, 2017 Recusal Entry.) Thus, there is nothing in the record that R.C. 2945.72 would have supported a tolling based on circumstances created by the defendant. Therefore, the only portion of R.C. 2945.72 on which the trial court relied and which the plaintiff-appellee, State of Ohio, argues could have applied is the part of division (H) that tolls the period for "any reasonable continuance granted other than upon the accused's own motion."

{¶ 34} When invoking that portion of division (H) of R.C. 2945.72, the court must state that it is doing so and explain its reasons. *State v. Mincy*, 2 Ohio St.3d 6 (1982), syllabus. Here, at no point did the recusing judge (Judge Tyack) or the judge who was appointed to succeed him (Judge Salerno) specify that speedy trial time was being tolled or extended or explain the reasons that justified an extension. The majority "find[s] the trial court's August 7, 2017 entry properly tolled the speedy trial time 'as a reasonable

---

[3] Not counting the day of arrest, days on which Glenn was held on other charges, or days during which his motions and continuances were pending (and triple counting days actually in jail), the calculation is: (April 17, 18, 19 (x3) = 9 days) + (April 22-May 1 = 10 days) + (June 29-August 7 = 40 days) = 59 days.

continuance granted other than upon the accused's own motion.' " *Majority supra* at ¶ 20, quoting *State v. Robinson*, 5th Dist. No. 2008 CA 00283, 2009-Ohio-2981, ¶ 29.   In supporting justification of the delay in this case, the majority treats Judge Tyack's recusal entry as if it were a *Mincy* continuance that provided explanation of the reason for the delay. *Majority supra* at ¶ 20-22, 26.   In fact, the entry does not mention a continuance or the timing of the case at all.   It is titled "RECUSAL ENTRY" and reads in full:

> To avoid the appearance of impropriety, this branch of the Court respectfully seeks to recuse itself from this case. The Assignment Commissioner shall reassign this case to another Judge by random lot.

(Aug. 7, 2017 Recusal Entry.)   The following day, August 8, the administrative judge for the municipal court ordered the assignment commissioner to assign the case to another judge by lot and again made no mention of either a continuance or of case timing. (Aug. 8, 2017 Entry.)   The next day, August 9, a docket notation shows that the case was assigned to a new judge. (Certified Docket at 2, included in the Dec. 1, 2017 Hearing Exs.)   Contrary to the majority's implication, in none of these docket notations or entries was the issue of a continuance or time mentioned. *See majority supra* at ¶ 20-22, 26.

{¶ 35}  I acknowledge that the Fifth and Eighth District Courts of Appeals have held that the time between a sua sponte recusal and the appointment of a successor judge may, de facto, constitute a "reasonable continuance."  *Robinson* at ¶ 2, 29 (time between recusal and appointment of successor judge considered tolled under R.C. 2945.72(H)); *Lyndhurst v. Di Fiore*, 8th Dist. No. 88654, 2007-Ohio-3538, ¶ 10 (same).   But neither appellate court analyzed the high court's *Mincy* requirements or considered in any detail whether treating a recusal as equivalent to a "continuance" is a strict construction of R.C. 2945.72(H) as required by the Supreme Court of Ohio.  *See, e.g.*, *Ramey* at ¶ 24; *Singer* at 109.   And neither appellate case involved a further lapse of time following the appointment of a replacement judge.   Thus, even if one were to assume tolling happened automatically during the 2-day period between when Judge Tyack recused on August 7 and when Judge Salerno was appointed on August 9, there remains a question about whether the remaining 12 days before a new trial date was set should be considered tolled.

{¶ 36}  The majority resolves this question by relying on the quotation, " 'an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the

continuance is otherwise affirmatively demonstrated by the record.' " *Majority supra* at
¶ 18-27, quoting *Ramey* at ¶ 33. The majority sees this as such a case. However, in the
cases cited by the majority where the record was held to have "affirmatively demonstrated"
the "reasonableness of the continuance," the defendant or the defendant's counsel asked
for, agreed to, or acquiesced in the continuance. In *State v. Smith*, the court explained:

> The reasonableness of the continuance from the December 7,
> 2015 (date that Smith's new counsel was appointed), until
> February 4, 2016 (when the trial commenced) is affirmatively
> demonstrated by the record. At the proceeding on the motion
> to withdraw, Smith noted that an attorney could not prepare
> his case in a week and that he was dissatisfied with his first
> attorney because counsel had not filed motions he had
> requested. When the trial court advised him that it would take
> time for his new lawyer to be prepared to represent him at trial,
> Smith specifically stated that he did "not care how long it
> takes." Smith appeared to acquiesce in the trial court's
> statement that it would take six or seven weeks to reschedule
> his trial. In fact, in substitute counsel's motion for
> extraordinary fees, which the trial court granted, he
> represented that these additional fees were warranted "[d]ue to
> the amount of time necessary to prepare for a trial with such
> serious charges along with the fact that extra time was
> necessary to investigate this matter [and] extra time was
> necessary to prepare this case for trial." (OP49) Under these
> circumstances the record affirmatively demonstrates that the
> continuance of the trial from the date of the appointment of
> new counsel until the rescheduled trial was reasonable in both
> purpose and length. *See Ramey* at ¶ 33; *State v. Carr*, 4th Dist.
> Ross No. 12CA3358, 2013-Ohio-5312, ¶ 31.

*State v. Smith*, 4th Dist. No. 16CA10, 2017-Ohio-7864, ¶ 31; *see also id.* at ¶ 26 (transcript
quotations showing explicit agreement by the defendant to the delay). In *State v. Vanscoy*,
the court remarked:

> In the instant matter the trial court entered an order filed on
> October 22, 2012, indicating that the final pretrial was
> scheduled for December 17, 2012, and trial was set for January
> 10, 2013. However, the trial court did not specify any reasons
> for continuing the trial past the speedy trial deadline in that
> entry. We note that, while the pretrial date, when taking into
> account the prior tolling events, would have been within the
> speedy-trial time, the trial date of January 10, 2013, would have
> been outside that time, even when taking into account other
> tolling events. Trial counsel acquiesced to the trial date and

> therefore the trial court had discretion to extend the trial date beyond the statutory time limit[.]

*State v. Vanscoy*, 9th Dist. No. 26964, 2014-Ohio-3482, ¶ 14; *see also id.* at ¶ 11 (transcript quotations showing explicit agreement by the defense attorney to the delay). Likewise, in *State v. Roth*, "Roth specifically acquiesced to the new trial date. Accordingly, we find that the reasonableness of the continuance was affirmatively demonstrated by the record." *State v. Roth*, 9th Dist. No. 17CA011083, 2018-Ohio-2564, ¶ 14. In Glenn's case, there is no such acquiescence or agreement by the defense. These cases are inapplicable.

{¶ 37} Moreover, the record makes clear that neither the transferor nor transferee judges prospectively explained or excused the delay by a proper entry according to the requirements of *Mincy*. Even the State admitted, during arguments on the motion to dismiss that "in the record, all that exists is the fact the case * * * was assigned to this court on August 9th and that the case was subsequently on August 21st assigned by this Court to a jury trial date of September 11th." (Dec. 1, 2017 Mot. Hearing Tr. at 8, filed June 27, 2018.) Despite this fact, the majority treats it as essentially a matter of record that "the newly assigned trial judge was unavailable at the time of the reassignment," due to "previously scheduled vacations." *Majority supra* at ¶ 26. But, in fact, what happened was that in December, long after the speedy trial deadline had elapsed and the motion to dismiss was being argued, the prosecutor mentioned that he thought the judge and bailiff were on vacation at the time of the delay:

> [PROSECUTION:] Your Honor, in the record, all that exists is the fact the case was assigned to this court on August 9th and that the case was subsequently on August 21st assigned by this Court to a jury trial date of September 11th. Outside of the record, it would be understood that both the Court and the bailiff were on vacation during that period of time, but that's not reflected in the entries.

(Dec. 1, 2017 Mot. Hearing Tr. at 8.) Statements of counsel are not evidence and nothing in *Mincy* permits such post-hoc unsubstantiated assertions to serve as a substitute for a properly justified continuance entry. *Mincy*, 2 Ohio St.3d 6, syllabus, in passim; *RNG Props., Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, ¶ 28, fn. 1. In fact, the Supreme Court has expressly recognized *Mincy* for "condemning after-the-fact justifications of continuances." *Ramey,* 2012-Ohio-2904, at ¶ 34. To my view, this

case is exactly the sort of post-hoc rationalization that cannot reasonably rehabilitate what happened to Glenn.

{¶ 38} In short, what happened here is one judge recused on August 7; a new judge was appointed 2 days later on August 9; and then, for a further 12 days, the case simply sat. No continuance was ever sought or granted. No reasons were given for the delay (at least not until long after the fact). No entry was filed. And neither the defendant nor his counsel acquiesced in or agreed to the delay. The record shows this is precisely the circumstance speedy trial deadlines were created to discourage. Discharging the defendant is a costly remedy,[4] but the statutes are to be strictly construed and such a remedy is explicitly required by statute. R.C. 2945.73(B); *Ramey* at ¶ 14, 24; *Cutcher* at 384; *Singer* at 105, 109; *Davis* at 448.

{¶ 39} Glenn's assignment of error should be sustained.

## III. CONCLUSION

{¶ 40} The trial court erred in concluding that a sua sponte recusal could, without explanation or invocation of R.C. 2945.72(H), toll the speedy trial time for both the interval before a new judge was assigned and an unexplained 12-day period of delay after the new judge was assigned. As a consequence of that legal error, the trial court also erred in concluding that the 90-day speedy trial deadline had not passed. Glenn is entitled to the statutory remedy of discharge. This dissent lays out the plain and mathematical path to a heavy conclusion that the system failed to give Glenn a speedy trial, and he is entitled to dismissal of the claims against him. No amount of post-hoc rationalization can remedy that. The result of today's decision is to twist the ropes just a little tighter in flattening the arc of justice. *Mincy* requires strict construction of the speedy trial laws, and that has not happened here.

{¶ 41} I respectfully dissent.

_____

---

[4] Though, not so costly in this specific case as it appears Glenn has died during the pendency of this appeal. (Dec. 2, 2019 Suggestion of Death; Jan 21, 2020 Entry Granting Substitution of the Estate as a Party.)