[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Martin,* Slip Opinion No. 2019-Ohio-2010.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-2010

THE STATE OF OHIO, APPELLANT, *v.* MARTIN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Martin,* Slip Opinion No. 2019-Ohio-2010.]

*Criminal law—R.C. 2945.71 et seq.—Speedy-trial time is tolled when a defendant's request for a continuance is made in open court and on the record or the reasons for the request are evident from the record, regardless of whether the trial court specifically journalizes those reasons on its docket sheet— Court of appeals' judgment reversed and convictions reinstated.*

(No. 2017-1463—Submitted January 29, 2019—Decided May 29, 2019.)

APPEAL from the Court of Appeals for Trumbull County,

Nos. 2016-T-0103 and 2016-T-0104, 2017-Ohio-7453.

_____

STEWART, J.

{¶ 1} This case concerns defendant-appellee Danielle K. Martin's right to be brought to trial within 90 days of her arrest pursuant to the speedy-trial provisions contained in R.C. 2945.71 et seq. The trial court denied Martin's motion

to dismiss the charges against her for violation of her right to a speedy trial. The court determined that after factoring in the periods of delay attributable to Martin, 90 days had not elapsed from the date of her arrest to the date she filed her motion to dismiss. On appeal, the Eleventh District Court of Appeals reversed the trial court's judgment and vacated Martin's convictions. In doing so, the court held that the continuances, although entered on behalf of the defendant, must be charged against the state because the trial court's journal entries either failed to identify Martin as the requesting party or failed to explain the precise reasons for the delay.

{¶ 2} The state filed this discretionary appeal asking this court to review the court of appeals' judgment. We accepted jurisdiction on the following proposition of law:

> Speedy-trial time is not chargeable to the State—and speedy-trial time is tolled—when a defendant's request for a continuance is made in open court and on the record or the reasons for the request are evident from the record, regardless of whether or not the trial court specifically journalizes those reasons on its docket sheet.

{¶ 3} We adopt this proposition of law and reverse the court of appeals' judgment.

**BACKGROUND**

{¶ 4} Danielle K. Martin was arrested on November 21, 2015, and charged with numerous misdemeanor violations, the most serious of which were driving under the influence and failure to comply with the order of a police officer, both misdemeanors of the first degree. Martin first appeared before the trial court on November 23 and was released from jail the same day. Martin did not waive her speedy-trial rights. Accordingly, under R.C. 2945.71 et seq., the government had 90 days after the date of her arrest to bring her to trial.

2

{¶ 5} Following Martin's first appearance, the court held a number of pretrial hearings. At the first three hearings, held on December 14, 2015, and January 13 and February 8, 2016, defense counsel asked for continuances so that he could have time to adequately prepare for trial and discuss a plea deal with Martin. At the next hearing, held on March 14, defense counsel notified the court that a satisfactory deal had not been reached and the court set the case for trial on March 28.

{¶ 6} The transcript and journal entries show that the trial did not proceed on March 28 but was rescheduled for May 2, "[f]or good cause." On May 2, the record shows, Martin's case did not proceed to trial—this time "[d]ue to conflicting notices sent." The trial was rescheduled again, for May 16. On that date, Martin appeared with counsel and counsel was granted leave to withdraw from the case. Consequently, the trial was continued so that Martin could secure new counsel.

{¶ 7} The next pretrial hearing was set for June 20; however, prior to that date, Martin's new counsel filed a notice of appearance and requested that the hearing be rescheduled. On June 29, Martin filed a motion to dismiss the charges, alleging that her speedy-trial rights had been violated.

{¶ 8} The court denied Martin's motion on August 18. The court's entry explains the circumstances surrounding each delay and concludes that only 36 days of Martin's speedy-trial time had elapsed when all the tolling events were considered. Specifically, the court found that Martin's speedy-trial time had been tolled from December 14, 2015, to March 14, 2016, due to defense counsel's requests for continuances made on the record at the December 14, January 13, and February 8 pretrial hearings. Then, explaining the period of delay from March 28 to May 16, the court noted:

On some unknown date between March 14 and March 28, 2016, the court learned that [defense counsel] was suffering a

serious medical condition making it impossible for him to proceed with the trial. For that reason, the court agreed to continue the trial until [defense counsel's] medical condition was resolved, and his office advised the defendant that the trial would be reset. The court deems this continuance as attributable to either the defendant's own motion or as otherwise reasonable, as per ORC Section 2945.72(H). The court reset the trial date for May 2, 2016. * * *

On some unknown date between March 28, 2016 and May 2, 2016, the court learned that [defense counsel] was still suffering a serious medical condition making it impossible for him to proceed with the trial. For that reason, the court again agreed to continue the trial until [defense counsel's] medical condition was resolved, and his office advised the defendant that the trial would be reset. The court deems this continuance as attributable to either the defendant's own motion or as otherwise reasonable, as per ORC Section 2945.72(H). The court reset the trial date for May 16, 2016. * * *

On May 16, 2016, [defense counsel] had sufficiently recovered and appeared with his client. However, as a result of his lingering medical difficulties, [defense counsel] indicated that he would be unable to proceed with the trial. [Defense counsel] was granted leave to withdraw, and the matter was ordered reset to allow defendant the opportunity to secure new counsel. The court deems this reset as a continuance attributable to either the defendant's own motion or as otherwise reasonable, as per ORC Section 2945.72(H).

{¶ 9} On September 7, Martin filed a motion for reconsideration, which the court denied. Martin subsequently pleaded no contest to a number of the charges on October 3, 2016, and was sentenced accordingly.

**{¶ 10}** Martin's sole argument in the court of appeals was that the trial court should have found that the period of delay from December 14, 2015, to March 14, 2016, was attributable to the state. The court of appeals agreed with Martin but went even further in its analysis and set forth an alternative reason for finding a speedy-trial violation.

**{¶ 11}** In its decision overturning the trial court's denial of Martin's motion to dismiss and vacating Martin's convictions, the court of appeals held that the entire 112-day delay from November 22, 2015, to March 14, 2016, was chargeable to the state because the court had failed to record in its journal entries that Martin had requested the continuances. In reaching this conclusion, the court relied on one of its previous decisions that adopted the holding in *State v. Geraldo*, 13 Ohio App.3d 27, 30-31, 468 N.E.2d 328 (6th Dist.1983) (the journal entry granting a continuance must identify the party to whom the continuance is chargeable, or else the delay is charged against the state).

**{¶ 12}** Going further, the court of appeals found that even if the period from December 14 to March 14 were chargeable to Martin, the time from Martin's arrest until September 7, when defense counsel filed his motion for reconsideration of the motion to dismiss, included 91 days that were chargeable to the state. Thus, the court of appeals held, the trial court should have granted Martin's motion for reconsideration. In so holding, the court of appeals rejected the trial court's determination that the period from March 28 to May 2 was chargeable to Martin. Noting that the trial court's journal entry failed to establish which party had requested the continuance or whether it had been entered sua sponte, the court of appeals concluded that if the continuance constituted a sua sponte order under R.C. 2945.72(H), the speedy-trial time was not tolled unless the order was accompanied by a journal entry setting forth the justification for the continuance pursuant to this court's decision in *State v. Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571 (1982). Because the trial court failed to give specific reasons justifying its continuance and instead

merely stated that the continuance was "[f]or good cause," the court of appeals found that the 35-day period from March 28 to May 2 should have been charged against the state, not against Martin. The court of appeals found that when adding this period to the 36 days from the prior periods of delay, 71 speedy-trial days had elapsed.

{¶ 13} The court went on to find that the period of delay from May 2 to August 18 did not count toward the speedy-trial time, because it resulted in part from a reasonable continuance brought on by a clerical error and in part from continuance requests by Martin related to the withdrawal of defense counsel, the retaining of new counsel, and Martin's motion to dismiss.

{¶ 14} Although the court of appeals agreed that if the trial court had been correct in its finding that the delay from December 14, 2015, to March 14, 2016, should be counted against Martin, then its August 18 denial of the motion to dismiss would also have been correct, it nevertheless found that the trial court erred in denying Martin's motion for reconsideration. The court of appeals reasoned that at the time the motion for reconsideration was filed on September 7, 20 additional days had run against the state, placing the total speedy-trial time at 91 days.

## ANALYSIS

{¶ 15} Criminal defendants are guaranteed the right to a speedy trial under state and federal law. Ohio Constitution, Article I, Section 10; Sixth Amendment to the U.S. Constitution. In Ohio, both the state and federal constitutional speedy-trial guarantees are codified in R.C. 2945.71 et seq. *See State v. Parker*, 113 Ohio St.3d 207, 2007-Ohio-1534, 863 N.E.2d 1032, ¶ 11. Pursuant to R.C. 2945.71(B)(2), a person against whom a first-degree-misdemeanor charge is pending must be brought to trial within 90 days of her arrest. Although the time limits contained in R.C. 2945.71 must be strictly enforced, R.C. 2945.72 provides a number of events and circumstances that will toll the running of a defendant's speedy-trial time. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971

N.E.2d 937, ¶ 24. Pursuant to R.C. 2945.72(H), "[t]he time within which an accused must be brought to trial * * * may be extended" by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

{¶ 16} The court of appeals determined that the period of delay from December 14, 2015, to March 14, 2016, counted against the state because the court did not note in its journal entries that Martin had requested the continuances during that period. This determination was incorrect. In *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, this court explained that a court's journal entry need not identify the defendant as the requesting party in order for the speedy-trial time to toll, so long as the record affirmatively demonstrates that the defendant requested the continuance. *Id.* at ¶ 54. The pretrial-hearing transcripts affirmatively show that Martin's counsel requested all the continuances between December 14, 2015, and March 14, 2016. Accordingly, the speedy-trial time was tolled during that time. After removing that period of delay from the speedy-trial calculation, 36 days of Martin's speedy-trial time had run as of March 28, 2016.

{¶ 17} The court of appeals' reliance on *Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328, and its progeny—for the holding that a journal entry *must* specify the party requesting the continuance or else the delay is counted against the state—is misplaced. This court overruled that holding in *Myers*. *Id.* at ¶ 54 ("contrary to the statement in *Geraldo*, this court has never required that the entry identify the defendant as the requesting party" in order for the continuance to be charged against the defendant).

{¶ 18} We also hold that the court of appeals' alternative reasoning for finding a speedy-trial violation (by counting 35 days against the state for the period of March 28 to May 2) was in error. First, Martin never argued that this time period presented an alternative ground for finding a speedy-trial violation. Rather, Martin maintained that the speedy-trial violation was due to the delay from December 14,

2015, to March 14, 2016, which she alleged was time charged against the state because the court's journal entries failed to indicate which party had requested the continuances. "[A]ppellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue.' " *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, citing *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170, 522 N.E.2d 524 (1988).

{¶ 19} Further, we specifically reject the court of appeals' determination that the time period from March 28 to May 2 was chargeable to the state because the trial court had failed to provide the specific reasons for the continuance in its journal entry. The appellate court concluded that the order allowing the 35-day continuance from March 28 to May 2 was entered sua sponte, rather than at the defendant's request. Although this court's decision in *Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571, requires a trial court to journalize its reasons for a sua sponte continuance, the same does not apply for continuances that are granted at the defendant's request. *See Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186. Here, the record supports a finding that the continuance was granted at Martin's request.

{¶ 20} The trial court's journal entry for March 28, 2016, states that the trial was reset "[f]or good cause." There is no indication from the record that Martin objected to the continuance at the time it was entered or that she considered the delay therefrom to be attributable to the state for purposes of her motion to dismiss. Martin's motion to dismiss did not mention any specific delay or delays as the basis for the motion. Rather, Martin's motion was sufficiently broad and vague to cover all the delays between her arrest on November 21, 2015, and her June 29, 2016 motion to dismiss. Although the trial court did address the March 28 to May 2 delay in its judgment entry denying the motion, the court doubtlessly did so only to cover all the delays that Martin could have been referring to in her motion to

dismiss. The court explained that the reason for the delay from March 28 to May 2 was defense counsel's illness and that therefore the time should not be counted against the state. This judgment was journalized, thus becoming part of the record, on August 18, 2016, *see State v. Ellington*, 36 Ohio App.3d 76, 78, 521 N.E.2d 504 (9th Dist.1987) (a written and signed judgment becomes part of the court's permanent record when it is time-stamped and filed by the clerk).

**{¶ 21}** After that ruling, Martin had ample opportunity to object to the court's characterization of the continuance. She could have objected in her motion for reconsideration, but she did not. Instead, the motion for reconsideration argued only that the delay from December 14 to March 14 should count against the state because of the court's failure to journalize the fact that Martin was the requesting party. Martin's merit brief in the court of appeals makes the same argument. In fact, Martin never once mentioned this period of delay as being attributable to the state until her appeal to this court, which was of course after the court of appeals mentioned that period of delay as an alternative reason for its holding.

**{¶ 22}** Even now, Martin does not genuinely dispute the accuracy of the trial court's statement that the trial was continued from March 28 to May 2 because of defense counsel's illness. Instead, she claims that the delay should count against the state because the court failed to include this reason in its March 28 journal entry. Moreover, she asserts that the explanation contained in the August 18 judgment entry is a post hoc justification that this court should ignore.

**{¶ 23}** However, it is hard to believe that the trial court could have known of defense counsel's illness and the need for a continuance without counsel's having advised the court of those facts. It is also understandable that a trial court, out of respect for counsel's privacy, may not want to publicly disclose upon its journal that the reason a trial has to be continued is defense counsel's serious illness. These two factors, along with the fact that Martin failed to object to both the

continuance and the trial court's August 18 entry explaining the reason for the continuance, lend credence to the trial court's August 18 judgment entry.

{¶ 24} Because the March 28-to-May-2 continuance resulted not from the court's sua sponte decision to delay trial but from either defense counsel's request for, or at the very least consent to, a reasonable delay to preserve Martin's right to representation by competent counsel, we do not find that the 35-day delay from March 28 to May 2 was attributable to the state.

{¶ 25} In reaching this conclusion, we realize that the specific facts surrounding the March-28-to-May-2 continuance are such that the case cannot neatly be resolved by applying only *Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, and *Mincy*, 2 Ohio St.3d 6, 441 N.E.2d 571; the record does not affirmatively show that Martin's counsel requested the continuance, as *Myers* would require, but it strongly indicates that the order was not entered sua sponte, thus obviating the need to apply *Mincy*'s holding that the court must state its reasons for the continuance in its journal entry or the delay is counted against the state. In cases such as these, hard-line rules announced in decisions such as *Myers* and *Mincy* serve only as guideposts for a court's analysis. Reviewing courts must focus on the underlying source of the delay. *See State v. Bauer*, 61 Ohio St.2d 83, 84, 399 N.E.2d 555 (1980). When the facts and circumstances of the case show that the underlying source of the delay was attributable to the defendant, it would make a mockery of justice to attribute the delay to the state. *See id.*

{¶ 26} Because we are satisfied that the underlying source of the delay in this case was attributable to Martin, we hold that no speedy-trial violation occurred. The judgment of the Eleventh District is reversed, and Martin's convictions are reinstated.

Judgment reversed

and convictions reinstated.

KENNEDY, FRENCH, DEWINE, and DONNELLY, JJ., concur.

10

O'CONNOR, C.J., and FISCHER, J., would dismiss the appeal as having been improvidently accepted.

—————————

Dennis Watkins, Trumbull County Prosecuting Attorney, and Deena L. DeVico and Ashleigh J. Musick, Assistant Prosecuting Attorneys, for appellant.

Timothy Young, Ohio Public Defender, and Katherine R. Ross-Kinzie, Assistant Public Defender, for appellee.

—————————