[Cite as *State v. Hughey*, 2020-Ohio-3526.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 19AP0049 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JOVAN D. HUGHEY | COURT OF COMMON PLEAS |
| | COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2019 CRC-I 000001 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

TEODOSIO, Judge.

{¶1}  Jovan Hughey appeals the denial of his motion to dismiss for lack of a speedy trial in the Wayne County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  Law enforcement arrested Mr. Hughey after a search during a traffic stop uncovered a gun and suspected narcotics in his vehicle.  The Grand Jury indicted him for multiple weapon-related offenses and later supplemented the indictment with drug offenses.  The trial court appointed a series of attorneys to represent Mr. Hughey, but he eventually moved to represent himself.  After the court granted his request, Mr. Hughey moved to suppress the evidence against him.  The trial court scheduled a hearing on the motion to suppress, but a week before the hearing the State moved to continue it, alleging that an essential witness was going to be out of state.  The trial court granted the State's motion and rescheduled the hearing for three weeks later.  After the trial court denied Mr. Hughey's motion to suppress, Mr. Hughey filed a motion to discharge,

arguing that his right to a speedy trial had been violated. The trial court denied his motion. Mr. Hughey subsequently pleaded no contest to some of the charges. The trial court found him guilty of those offenses, it dismissed the others, and it sentenced Mr. Hughey to three years imprisonment. Mr. Hughey has appealed, assigning as error that the trial court incorrectly denied his motion to dismiss.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS FOR VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT TO SPEEDY TRIAL.

{¶3}   Mr. Hughey argues that he was denied the right to a speedy trial. "When reviewing an assignment of error raising a violation of a criminal defendant's right to a speedy trial, this court reviews questions of law de novo." *State v. Bennett*, 9th Dist. Summit No. 21121, 2003-Ohio-238, ¶ 5. We must accept the factual findings of the trial court, however, "if they are supported by some competent, credible evidence." *Id*.

{¶4}   Under the Revised Code, a person who is accused of a felony shall be brought to trial within 270 days. R.C. 2945.71(C)(2). Because Mr. Hughey was held in jail during the pretrial period, each day counted as three for speedy-trial purposes. R.C. 2945.71(E). Acknowledging that "some degree of flexibility is necessary," the General Assembly has "allowed for extensions of the time limits for bringing an accused to trial in certain circumstances." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 24. "Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial." *Id*. One of those is "[a]ny period of delay necessitated by reason of a plea * * *, motion, proceeding, or action made or instituted by the accused[.]" R.C. 2945.72(E). Another is "[t]he

period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H).

{¶5} The parties agree that Mr. Hughey's speedy trial time paused when he moved for discovery, when his original counsel moved to continue the trial date, and when he filed various motions during the couple of weeks before the final scheduled trial date. They disagree about when time began to run again after his counsel moved to continue the trial. Mr. Hughey argues that the time began to run again when he began to represent himself. The State argues that, because the trial was continued at Mr. Hughey's request, time was tolled through the new trial date. The State argues that time continued to be tolled when the trial date was continued again because it was Mr. Hughey's filing of a motion to suppress that created the need for a second continuance.

{¶6} The parties also disagree about how much time should be tolled because of Mr. Hughey's motion to suppress. According to the State, Mr. Hughey's speedy trial time was tolled for the entire time that the motion to suppress remained pending. It also argues that the time between the trial court's ruling on Mr. Hughey's motion to suppress and the final rescheduled date of his trial should also be attributed to Mr. Hughey because it was Mr. Hughey's motion to suppress that caused the postponement of the trial to that date. Mr. Hughey, however, argues that, because the State moved to continue the original date of the suppression hearing, the delay between the original suppression hearing date and the eventual date of the hearing should be counted toward his speedy trial time. He also argues that his speedy trial time resumed after the trial court denied his motion to suppress.

{¶7} Regarding whether Mr. Hughey's speedy trial time started running again when he began to represent himself, we note that Mr. Hughey has not identified any authority that supports his argument. On the other hand, the Ohio Supreme Court has held that a defendant is bound by

his counsel's waiver of his speedy trial rights. *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus; *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶ 33. Mr. Hughey's original counsel moved to continue the original trial date so that she could have more time to prepare an adequate defense. The trial court granted the motion and postponed the trial for 8 weeks. Mr. Hughey did not waive his right to counsel until more than half of the eight weeks had elapsed and then filed a motion for leave to file a motion to suppress only five days later. Upon review of the record, we conclude that, even if Mr. Hughey's speedy trial time resumed when he waived his right to counsel, the five additional days before his subsequent motion began to toll the time period again did not cause his speedy trial time to exceed the limitation set forth in R.C. 2945.71.

{¶8} Regarding whether the three-week continuance of the suppression hearing should be counted toward Mr. Hughey's speedy trial time, we note that the Ohio Supreme Court has determined that the continuance of a trial because the arresting officer would be on vacation on the scheduled trial date was a "reasonable continuance" under R.C. 2945.72(H). *State v. Saffell*, 35 Ohio St.3d 90, 92 (1988); *see also State v. Hamlet*, 9th Dist. Lorain No. 04CA008527, 2005-Ohio-3110, ¶ 21. In this case, the State identified a specific police officer who it claimed was an essential witness and identified the days that he would be out of state. We note that Mr. Hughey did not object to the State's motion and has not argued that the unavailability of the officer was an unreasonable reason for continuing the suppression hearing. *See State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, ¶ 20. We also note that the respective officer was the only witness who testified at the hearing. Upon review of the record, we conclude that the delay in the suppression hearing does not count toward Mr. Hughey's speedy trial time because it was a "reasonable continuance" under R.C. 2945.72(H).

{¶9}    Regarding whether Mr. Hughey's speedy trial time resumed when the trial court ruled on his motion to suppress, we note that the Twelfth District Court of Appeals treated a 48-day delay in ruling on a motion to suppress as a sua sponte continuance of the trial, after which the court set the trial for another three months out. *State v. Watkins*, 12th Dist. Warren No. CA2013-02-017, 2014-Ohio-177, ¶ 17.   Under those circumstances, it determined that the Ohio Supreme Court's rule that a trial court must explain a sua sponte continuance unless its reasonableness "cannot be seriously questioned" applied. *Id*. at ¶ 23, quoting *State v. Lee*, 48 Ohio St.2d 208, 209 (1976).   Because of the length of the continuance in that case and the trial court's failure to explain the reasons for it in its entry, the Twelfth District in *Watkins* concluded that the delay "*can be seriously questioned*" and that the State had violated the defendant's speedy trial rights. *Id*. at ¶ 23, 28.

{¶10}   After Mr. Hughey moved to suppress the evidence against him, the trial court continued the trial date so that it could hold a hearing on the motion.   It did not set a new date for the trial at that time, only a date for the suppression hearing.   Following the hearing, the court did not reschedule the trial date until the same day that it signed its ruling on the motion to suppress.[1] It took a total of 28 days after the hearing on the motion to suppress for the trial court to issue its decision, which was not an unreasonable amount of time, especially considering that Mr. Hughey filed a second motion to suppress during that period that the court ruled on the same day.   We note that after the trial court announced that the new trial date would be 42 days after its ruling on the motions to suppress, Mr. Hughey did not object, which is indicative that the delay was reasonable. *Lee* at 210.   Upon review of the record, we cannot say that the delay in rescheduling Mr. Hughey's

---

[1] We note that the trial court's entry on the motion to suppress was not filed until the day after it was signed.

trial after it resolved his motions to suppress was unreasonable under the circumstances. We, therefore, conclude that Mr. Hughey has not established that the trial court violated his right to a speedy trial under R.C. 2945.71.

{¶11} Mr. Hughey also argues that the delays of his trial date violated his right to a speedy trial under the Ohio and United States Constitutions. The Ohio Supreme Court, however, has determined that a defendant's statutory and constitutional speedy trial rights are coextensive. *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987). Mr. Hughey has not developed an argument explaining why his case presents circumstances under which his constitutional guarantees are broader than those provided by the speedy trial statute. *See id*. Upon review of the entire record, we conclude that the trial court correctly denied Mr. Hughey's motion to discharge. His assignment of error is overruled.

III.

{¶12} Mr. Hughey's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.