**[Cite as *State v. Sherman*, 2023-Ohio-2142.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220487 |
| | | TRIAL NO. C-22TRD-9553 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| ADRIAN SHERMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*H. Leon Hewitt*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    After careening down the shoulder of the highway in stopped traffic and colliding into multiple vehicles, defendant-appellant Adrian Sherman was charged with failing to stop after an accident and reckless operation of a motor vehicle. After a bench trial, the trial court convicted him of both offenses. Mr. Sherman now appeals his convictions, asserting violations of his due process, speedy trial, and counsel rights. Because we find Mr. Sherman's arguments without merit, we overrule his assignments of error and affirm the trial court's judgment.

I.

{¶2}    On April 15, 2022, as Sergeant Jeff Sabers of the Green Township Police Department investigated a car accident that shut down the highway, a dispatch call alerted him to a second accident that occurred in the midst of the stopped traffic. The dispatch report provided a description and plate number for a vehicle that allegedly struck multiple vehicles before fleeing the scene. Because the highway was closed and clogged with stopped vehicles, Sergeant Sabers began walking back to where the new accident occurred. As he walked, he noticed a vehicle on the grass shoulder of the highway matching the description and license plate number given in the dispatch. Mr. Sherman sat at the wheel of that car.

{¶3}    Sergeant Sabers approached the vehicle, confirmed that Mr. Sherman was unarmed, and began investigating the accident report. He noticed fresh damage to both sides of Mr. Sherman's car and asked what happened. Mr. Sherman admitted that he drove down the border of the highway to see what was going on. After the initial discussion with Mr. Sherman, Sergeant Sabers told him to stay in his vehicle while he spoke with the other drivers. His investigation revealed that Mr. Sherman

appeared to have struck a total of four vehicles, then continued down the emergency lane until emergency vehicles responding to the initial accident blocked his path.

{¶4} Sergeant Sabers issued a traffic citation to Mr. Sherman, charging him with failing to stop after an accident and reckless operation of a motor vehicle. In August 2022, Mr. Sherman filed a written waiver of counsel and a jury demand. In September, the initial judge assigned to the case recused, and a new judge took over the matter.

{¶5} On September 14, 2022, Mr. Sherman filed a motion to suppress as well as a motion to dismiss, and he executed a waiver of trial by jury. The court convened a hearing on the pending motions, and after both sides had the opportunity to present evidence and arguments, the trial court denied both motions. The matter then proceeded to a bench trial, where the trial court found Mr. Sherman guilty of both charges. The court sentenced him to a suspended sentence of 180 days and a period of community control, suspended his driver's license for one year, and ordered him to pay restitution. Mr. Sherman now appeals.

## II.

{¶6} In his first assignment of error, Mr. Sherman claims that the first trial judge assigned to his case exhibited bias towards him, violating his due process rights. Specifically, he maintains that the judge refused to grant him discovery on certain matters resulting from this bias.

{¶7} "Due process requires that a criminal defendant be tried before an impartial judge." *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 43. If the record demonstrates that the judge exhibited judicial bias, the remedy is a new trial. *Id.* The Ohio Supreme Court has defined "judicial bias" as "a hostile feeling

3

or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *Id.* at ¶ 33, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

{**¶8**} Here, Mr. Sherman contends that the first trial court judge assigned to his case exhibited bias towards him. However, no transcripts of the proceedings before the first trial judge have been made part of our record on appeal. And "[w]hen the appellant fails to ensure that the necessary exhibits or transcripts are transmitted to the appellate court, this court * * * must presume regularity in the proceedings in the trial court." *State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, ¶ 21 (1st Dist.). Mr. Sherman's assertion is wholly conclusory, reflecting a subjective belief that bias exists without any evidence or arguments to substantiate the claim. On this record, we must reject Mr. Sherman's claim of bias.

{**¶9**} We also see nothing amiss with respect to discovery proceedings at the trial level, to the extent that his argument develops this point. Generally, a criminal defendant is entitled to "items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state[.]" Crim.R. 16(B). Crim.R. 16 exists "to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts[.]" Crim.R. 16(A). And "[t]he standard of review of a trial court's decision in a discovery matter is whether

the court abused its discretion." *In re D.M.*, 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404, ¶ 9.

{¶10} Again, the record contains no transcript of the proceedings before the first trial judge, nor does the extant record reflect that the first judge denied any discovery requests. And during the motion to suppress hearing before the second trial judge, Mr. Sherman acknowledged that he received certain discovery items from the state, including the police body-worn camera video. The court also engaged in a lengthy discussion with Mr. Sherman regarding the other items he sought in discovery, including breathalyzer and urinalysis results, mental health records of the state's witnesses, and criminal records of the state's witnesses. The court explained that the requested items did not exist or were not discoverable in this case. No breathalyzer or urine testing was conducted in this case, nor was alcohol use at issue.

{¶11} In his appellate brief, Mr. Sherman fails to explain what discovery the trial court improperly denied him, much less how this resulted in prejudice. From our review of the record, therefore, we cannot say that the trial court committed any abuse of discretion regarding discovery.

{¶12} Accordingly, we overrule Mr. Sherman's first assignment of error.

### III.

{¶13} Next, Mr. Sherman claims a violation of his right to a speedy trial.

{¶14} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10, Ohio Constitution. *State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, ¶ 15. When a defendant is charged with multiple offenses of different degrees, he must be brought to trial on all of the charges within the time period required for the highest degree of offense

charged. R.C. 2945.71(D). In this case, the highest degree of offense charged was a first-degree misdemeanor—reckless operation of a motor vehicle, in violation of R.C. 4511.20. Pursuant to R.C. 2945.71(B)(2), a defendant charged with a first-degree misdemeanor must be brought to trial within 90 days of his arrest, subject to a limited number of events and circumstances that can toll the running of the defendant's speedy trial time under R.C. 2945.72.

{¶15} Additionally, and as a matter distinct from the tolling provisions, a defendant may waive his right to a speedy trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, ¶ 17. To be effective, the waiver must be "expressed in writing or made in open court on the record." *Id.* And "[o]ur review of the trial court's decision involves mixed questions of fact and law. We give due weight to the inferences drawn from the facts found by the trial court as long as they are supported by competent, credible evidence. We review the trial court's conclusions of law de novo to determine whether the facts satisfy the applicable legal standard." *State v. Gage*, 2017-Ohio-8897, 101 N.E.3d 557, ¶ 5 (1st Dist.).

{¶16} Mr. Sherman argues that the court exceeded the 90-day period within which to bring his case to trial. However, he fails to advance any specific argument challenging the trial court's calculation of time, and our review of the record reveals compliance with the 90-day deadline. Service of summons occurred at the time of the accident, on April 15, 2022. His trial was originally scheduled for May 20, 2022, but upon Mr. Sherman's motion for a continuance, the court rescheduled it to July 12, 2022. Because the trial date was postponed upon motion by Mr. Sherman, the days from May 20 to July 12, 2022 are excluded from the calculation. R.C. 2945.72(H) ("The time within which an accused must be brought to trial * * * may be extended

only by the following: * * * (H) The period of any continuance granted on the accused's own motion[.]"). The trial date was once again postponed to September 20, 2022, and Mr. Sherman voluntarily waived time from September 6 to September 20. *See Blackburn* at ¶ 17. Accounting for the time waiver and time tolled for continuance, the state brought Mr. Sherman to trial on the 90th day of the 90-day limit.

{¶17} Indeed, Mr. Sherman acknowledged this point before the trial court. On the record, Mr. Sherman indicated his acknowledgement that his case was brought to trial in time—when the trial court noted that "today is the last day" to bring his case to trial, Mr. Sherman replied, "Right, right." We therefore overrule Mr. Sherman's second assignment of error.

IV.

{¶18} In his third and final assignment of error, Mr. Sherman claims a denial of his right to counsel. Specifically, he indicates that the initial judge assigned to his case intimidated his assigned counsel and that he had no communication with counsel.

{¶19} A criminal defendant's right to counsel during critical stages of the proceedings is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.E.2d 799 (1963); *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227. But both the United States Supreme Court and the Supreme Court of Ohio recognize a criminal defendant's right to defend him or herself at trial when the defendant knowingly, intelligently, and voluntarily waives the right to counsel. *State v. Furr*, 1st Dist. Hamilton No. C-170046, 2018-Ohio-2205, ¶ 6.

{¶20} In this case, Mr. Sherman did waive his right to counsel, as evidenced by a written and signed waiver in the record. The waiver advised Mr. Sherman of the

rights he forfeited by waiving his right to counsel, and nevertheless he signed the agreement. Having been fully apprised of his rights and deciding to waive them, the record indicates that Mr. Sherman "fully understood and intelligently relinquished his * * * right to counsel." *See State v. Jackson*, 1st Dist. Hamilton No. C-180160, 2019-Ohio-2933, ¶ 5, quoting *Martin* at ¶ 15. And the record is devoid of any information suggesting otherwise.

{¶21} Mr. Sherman also maintains that the initial judge assigned to his case intimidated his assigned counsel into resigning. But the waiver of his right to counsel contradicts this claim. Moreover, Mr. Sherman fails to point us toward anything in the record demonstrating some type of intimidation. None of the transcripts of the proceedings before the first trial judge are in the record, as noted above, obliging us to presume regularity. *Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, at ¶ 21.

{¶22} Finally, Mr. Sherman's claim that he had no communication with his assigned counsel depends on information outside the record which this court cannot consider on direct appeal. Nothing in the record before us lends credence to this claim.

{¶23} Therefore, we overrule his third assignment of error.

*       *       *

{¶24} In light of the foregoing analysis, we overrule all three of Mr. Sherman's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.,** and **WINKLER, J.,** concur.

8

Please note:

The court has recorded its entry on the date of the release of this opinion.