[Cite as *State v. Hicks-Stevens*, 2023-Ohio-4307.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,               :

                                  No. 112329

    v.                                             :

ANTHONY HICKS-STEVENS,            :

    Defendant-Appellant.             :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-646675-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brad S. Meyer, Assistant Prosecuting
Attorney, *for appellee.*

Michael Gordillo, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Anthony Hicks-Stevens appeals his conviction and sentence. Upon review, we affirm.

{¶ 2} On December 9, 2019, appellant was indicted on multiple counts that stemmed from two incidents. The first incident, which occurred on July 5, 2019,

involved a robbery that occurred outside of Diamond Quality Roofing in Cleveland in which two individuals, believed to be appellant and his codefendant Willie Lee Jr., took cash and a company credit card from three company employees at gunpoint. The second incident, which occurred in November 2019, involved an Instagram video in which appellant filmed himself holding two firearms while under disability, and the subsequent discovery that one of the firearms that was recovered was stolen.

{¶ 3} During the course of the proceedings, appellant was assigned new counsel, he later retained new counsel, and the case was reassigned to another trial judge for good cause shown. The defendant requested multiple continuances in the matter. The trial court also ordered a number of continuances with reference to the Covid-19 pandemic. Trial commenced on April 25, 2022. The testimony is summarized in the briefs of the parties.

{¶ 4} At the conclusion of trial, the jury returned a verdict of guilty on three counts of aggravated robbery and three counts of robbery, with one- and three-year firearm specifications on each of those counts. The trial court found appellant guilty of having weapons while under disability with forfeiture specifications. The jury found appellant not guilty of receiving stolen property. The case proceeded to sentencing in December 2022, after sentencing was reset multiple times at appellant's request. The trial court merged the aggravated robbery and robbery offenses as related to each victim, and the state elected to proceed on the aggravated robbery counts. The trial court imposed a total sentence of 15 years in this case.

{¶ 5} Appellant timely filed this appeal. He raises six assignments of error for our review.

{¶ 6} Under his first assignment of error, appellant claims "the trial court prejudiced appellant and committed reversible error by incorrectly advising the Petit Jury that the Grand Jury's indictment meant that the Grand Jury found Appellant was 'more likely than not' guilty."

{¶ 7} Because no objection was raised in the trial court, appellant forfeited this issue, absent plain error. To establish plain error, an appellant "must show that an error occurred, that the error was plain (i.e., the error was an 'obvious' defect in the trial proceedings), and that but for the error, the outcome of the trial clearly would have been otherwise." *State v. Whitaker*, 169 Ohio St.3d 647, 2022-Ohio-2840, 207 N.E.3d 677, ¶ 39, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). "[P]lain error should be found only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 8} Appellant has not argued or demonstrated any plain error occurred. The record herein reflects that during the voir dire, the trial court differentiated the grand-jury process and explained that it is a "much different experience" and that the burden of proof in the grand jury is a much lower standard of proof than the burden the state has at trial, which is "[b]eyond a reasonable doubt." The court then stated "[i]n the Grand Jury it's probable cause. It's more likely than not. Grand

jurors only have to believe that it's more likely than not a crime occurred and this person's involved."

{¶ 9} Appellant argues that the trial court's statement was erroneous and that he was prejudiced thereby because it essentially conveyed that the grand jury found it was more likely than not that appellant committed the indicted offenses. However, the record shows the trial court proceeded to inform the jurors that "the fact that there are indictments in this case is not evidence of anything. You can't consider this as evidence in any way" and that there is a presumption of innocence and the state was required to prove the "essential elements beyond a reasonable doubt." The trial court continued to ensure the jurors understood the state's burden at trial.

{¶ 10} Viewed as a whole, the instructions were sufficiently clear to enable the jury to understand the state's burden of proof at trial. Additionally, upon the record before us, appellant has failed to demonstrate that but for the claimed error, the outcome of the trial clearly would have been otherwise. Finding no plain error has been shown, we overrule the first assignment of error.

{¶ 11} Under the second assignment of error, appellant claims that he was "tried in violation of his constitutional and statutory rights to a speedy trial."

{¶ 12} Appellant concedes he did not raise a speedy-trial issue in the trial court. Generally, a defendant's failure to raise the violation of speedy-trial rights in the trial court constitutes a waiver of the issue on appeal. *See e.g., State v. Kendrick*, 1st Dist. Hamilton No. C-220459, 2023-Ohio-1763, ¶ 12; *State v. Allen*, 7th Dist.

Columbiana No. 22 CO 0002, 2022-Ohio-4360, ¶ 21-22; *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, ¶ 58, citing *State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18; *State v. Wells*, 8th Dist. Cuyahoga No. 109787, 2021-Ohio-2585, ¶ 44. Although appellant asserts the issue should be reviewed for plain error, this case does not present exceptional circumstances to warrant any finding that plain error occurred.

{¶ 13} R.C. 2945.71 codifies both the state and federal constitutional speedy-trial guarantees and includes a number of tolling provisions. *See State v. Martin*, 156 Ohio St.3d 503, 2019-Ohio-2010, 129 N.E.3d 437, ¶ 15. "Pursuant to R.C. 2945.72(H), '[t]he time within which an accused must be brought to trial * * * may be extended' by '[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.'" *Martin* at ¶ 15, quoting R.C. 2945.72(H).

{¶ 14} Appellant argues that the total length of time of 872 days that he spent in jail awaiting trial was not reasonable and amounted to a violation of his right to a speedy trial. Appellant does not mention the many continuances and delays attributed to him. Appellant simply advocates against application of *In re Disqualification of Fleegle*, 161 Ohio St.3d 1263, 2020-Ohio-5636, 163 N.E.3d 609, in addressing the reasonableness of pandemic-related continuances. In *Fleegle*, the Supreme Court of Ohio observed that "trial judges have the authority to continue trials for defendants on a case-by-case basis without violating speedy-trial requirements" and that "continuing a trial because of a pandemic state of emergency

is 'reasonable'" for purposes of R.C. 2945.72(H).[1] *In re Fleegle* at ¶ 7. Appellant maintains that *Fleegle*, which was decided in December 2020, is "outdated," but he cites no authority in support of his argument.

{¶ 15} Insofar as appellant requests this court to address the reasonableness of the time involved in this case and makes a conclusory assertion that 872 days is not reasonable, he fails to present any tangible argument to this court. The record shows the trial court fully explained and justified the continuances attributed to the Covid-19 pandemic. The trial court noted reasons such as the unavailability of juries, court administrative orders that were in place, and the continued risk of community spread of the Covid-19 virus. Also, during that time frame, the defendant requested several continuances, there were ongoing plea negotiations, the parties continued to exchange discovery, appellant retained new counsel, and there was a recusal by the original trial judge.

{¶ 16} Appellate courts are not obligated to create, nor should they sua sponte provide, arguments on behalf of parties. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19. Therefore, to the extent appellant fails to fully develop a speedy-trial argument on appeal, we need not further address his claim. *See State v. Perdew*, 4th Dist. Ross No. 20CA3702, 2021-Ohio-3075, ¶ 26. Appellant has failed to demonstrate plain error or to establish any violation of his

---

[1] R.C. 2945.72(H) provides that speedy-trial time may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

statutory or constitutional speedy-trial rights. The second assignment of error is overruled.

{¶ 17} Under his third assignment of error, appellant claims his convictions are not supported by sufficient evidence.

{¶ 18} First, appellant challenges the evidence of identity as it pertains to his aggravated-robbery convictions. Appellant argues that there was insufficient evidence identifying him as one of the robbers involved in the crimes.

{¶ 19} "Every criminal prosecution requires proof that the person accused of the crime is the person who committed the crime." *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 15. "Like any fact, the state can prove the identity of the accused by 'circumstantial or direct' evidence." *Id.*, citing *State v. Jenks*, 61 Ohio St.3d 259, 272-273, 574 N.E.2d 492 (1991). "The relevant question in a sufficiency-of-the-evidence review is whether, 'after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*, quoting *Jenks* at paragraph two of the syllabus.

{¶ 20} Appellant argues there was a lack of direct evidence linking him to robbery, and he challenges the circumstantial evidence presented. As this court has recognized, "[p]roof of guilt may be made by circumstantial evidence, which 'requires the drawing of inferences that are reasonably permitted by the evidence[.]'" *State v. Mills*, 8th Dist. Cuyahoga No. 107233, 2019-Ohio-706, ¶ 19, quoting *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012-Ohio-4047, ¶ 13. In this matter,

ample circumstantial evidence was presented, from which reasonable inferences could be drawn as to appellant's identity as one of the robbers.

{¶ 21} During trial, testimony was presented regarding the circumstances surrounding the robbery incident, which involved two masked men robbing three individuals at gun point outside of Diamond Quality Roofing in Cleveland, which is where the victims were employed. The testimony and evidence showed the two robbers arrived and left the scene of the robbery together. Surveillance video captured the robbery and depicted a Mitsubishi that was used by the robbers as the getaway car. The vehicle was linked to appellant's codefendant, Willie Lee Jr. Lee admitted at trial that he was one of the robbers but denied that appellant was the other. However, the state recovered a video on Lee's phone that was taken ten minutes after the robbery occurred. The video also was posted by Lee on Instagram ten minutes after the robbery and was shared on Instagram by appellant approximately an hour later. The video, which was taken in close proximity to the time of the robbery, revealed appellant was inside Lee's Mitsubishi flashing a large amount of money. He was wearing clothes and boots matching those of one of the robbers involved in the commission of the crime, and he had a ski mask rolled up on his head. Appellant acknowledged during his testimony that he is the person seen in the video recovered from Lee's phone, but claimed the similarities involved were "pure coincidence." Although appellant denied the money he was holding in the video was from the robbery, Lee testified that it was.

{¶ 22} There also was testimony and evidence suggesting appellant and Lee had inside knowledge in furtherance of the robbery. The testimony showed that on the day of the robbery, the victims had already cashed their paychecks; they still had their money on them and one of them had a company credit card; and they were out back of their work building when they were robbed. Appellant's cousin, Quinton Hicks, also was employed by Diamond Quality Roofing and had left the scene shortly before the robbery in a work truck and returned shortly after the robbery had occurred. Minutes before the robbery, Lee was texting with a third party. The text messages included the address where the robbery was to occur, directions to the location, reference to the police, mention of a work truck, and other information pertaining to the robbery.

{¶ 23} Viewing the evidence in this matter in a light most favorable to the prosecution, we find any rational trier of fact could have found that appellant was one of the robbers involved in committing the offenses and that the essential elements of the crime were proven beyond a reasonable doubt.

{¶ 24} Next, appellant challenges his conviction for having weapons while under disability. The indictment alleged the offense occurred on or about November 15, 2019. At trial, the state presented a video that shows appellant with two firearms in his hands while in the living room of Willie Lee's grandmother's house. Appellant argues that the state failed to prove the date the video was made.

{¶ 25} The record reflects that a detective involved in the case testified that in November 2019, while she was monitoring Lee's jail phone calls, she learned the

whereabouts of two firearms that Lee described as being in the living room of his grandmother's house. About the same time, the detective also was monitoring appellant's Instagram and observed a video posted of appellant with the firearms in what appeared to be the living room of Lee's grandmother's house. Upon viewing the video and listening to Lee's jail phone call, the detective obtained a search warrant on November 13, 2019. Two days later, on November 15, 2019, the search warrant was executed and the same type of firearms observed in the video were recovered from the living room of Lee's grandmother's house. Appellant's identification card and social security card were found in the same room. We find that sufficient evidence was presented from which the trier of fact could conclude the offense occurred on or about the date the detective viewed the video in November 2019.

{¶ 26} The third assignment of error is overruled.

{¶ 27} Under his fourth assignment of error, appellant claims his convictions are against the manifest weight of the evidence. This argument focuses upon the aggravated robbery. In challenging his convictions, appellant argues that the state's case was built upon insinuations, that the state invited the jury to find him guilty by association with Lee, and that there was a lack of actual evidence pointing to appellant's guilt. Appellant makes a number of assertions, points to limited testimony, and maintains that he offered a plausible alternative to the state's theory, in which he claimed that Lee and a man named "Boogey" were the robbers,

that he was picked up by Lee after the robbery, and that he was flashing his own money in the video. We are not persuaded by his argument.

{¶ 28} When evaluating a claim that a verdict is against the manifest weight of the evidence, "we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 29} In this case, substantial circumstantial evidence was presented to establish appellant's commission of the robbery offenses. The video evidence was compelling. Not only was a video taken of appellant in the getaway vehicle minutes after the robbery occurred, but he matched the appearance of one of the robbers who appeared in the surveillance video, and he was flashing money that Lee testified was from the robbery. The trier of fact could have reasonably inferred from all the testimony and evidence presented that appellant was involved in the robbery and had some inside knowledge for committing the offenses. The state's witnesses were convincing and presented a credible version of events that was corroborated by the

evidence presented. Appellant's version of events was unpersuasive and self-serving. We do not find that the trier of fact clearly lost its way or that this is the exceptional case in which the evidence weighs heavily against the convictions. The fourth assignment of error is overruled.

{¶ 30} Under his fifth assignment of error, appellant claims the trial court erred by permitting prejudicial hearsay testimony into evidence. Specifically, he challenges the introduction of the text-message conversation obtained from Lee's phone that was with a number that was not identified. An appellate court "will not reverse a trial court's ruling on evidentiary issues absent an abuse of discretion and proof of material prejudice." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 181, citing *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 116.

{¶ 31} Contrary to appellant's assertion, the state never insinuated that the text-message conversation was between Lee and appellant. Rather, the state's theory was that appellant and Lee were together in Lee's vehicle before the robbery, and that a third party was sending text messages to Lee's phone with directions to the location where the robbery would occur and other information in furtherance of the robbery. The conversation included reference to the police, instructions such as "[d]on't be doing the dash," and mention of taking a "work truck."

{¶ 32} The statements were not hearsay because they were not offered for the truth of the matter asserted. *See* Evid.R. 802(C); *State v. Wallace*, 1st Dist. Hamilton No. C-160613, 2017-Ohio-9187, ¶ 53. Rather, the conversation was

offered to show that information relating to the robbery was being conveyed to Lee minutes before the robbery occurred. A detective testified that the text messages appeared to be two of the conspirators discussing the plan minutes before the robbery occurred.

{¶ 33} Pursuant to Evid.R. 801(D)(2)(e), hearsay does not include "a statement made by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." The proponent of the statement must make a prima facie showing of the existence of the conspiracy by independent proof. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 116, citing *State v. Carter*, 72 Ohio St.3d 545, 651 N.E.2d 965 (1995), paragraph three of the syllabus. "Evid.R. 801(D)(2)(e) does not require that explicit findings of the conspiracy be made on the record." *Were* at ¶ 116.

{¶ 34} Appellant argues that there was a lack of independent proof of the conspiracy. "'Independent proof of conspiracy merely requires that the State present evidence sufficient to raise the inference of conspiracy.'" *State v. Johnson*, 2015-Ohio-3248, 40 N.E.3d 628, ¶ 104 (10th Dist.), quoting *State v. Croom*, 2d Dist. Montgomery No. 25094, 2013-Ohio-3377, ¶ 66. Here, the surveillance video revealed that two persons were driving around together in Lee's vehicle minutes before the robbery, they drove back and forth in front of the robbery location several times, and after exiting the vehicle they proceeded to the back of the building where the victims were hanging out. Testimony revealed that Quinton Hicks, who is appellant's cousin, was on the scene before the robbery, left in a work truck, and

returned shortly after the robbery. Appellant conceded he was in Lee's vehicle minutes after the robbery occurred. The state presented independent proof "sufficient to raise the inference of conspiracy," such that the text messages were admissible as statements of a co-conspirator under Evid.R. 801(D)(2)(e).

{¶ 35} Appellant also argues that the admission of the statements violated his right to confront the witnesses against him. However, "[i]f testimony qualifies as nonhearsay, it does not implicate the Confrontation Clause." *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 186, citing *Crawford v. Washington*, 541 U.S. 36, 59, fn.9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Furthermore, "the *Crawford* court specifically identified statements in furtherance of a conspiracy as examples of statements that are inherently nontestimonial." *State v. Braun*, 8th Dist. Cuyahoga No. 91131, 2009-Ohio-4875, ¶ 116, citing *Crawford* at 56. "Co-conspirator statements are inherently nontestimonial because the purpose for making the statements is not for later use at trial." *Id.*, citing *United States v. Mooneyham*, 473 F.3d 280, 286 (6th Cir.2007); *Wallace*, 1st Dist. Hamilton No. C-160613, 2017-Ohio-9187, at ¶ 51.

{¶ 36} Finding no abuse of discretion by the trial court, we overrule appellant's fifth assignment of error.

{¶ 37} Under his sixth assignment of error, appellant claims the trial court erred when it sentenced him to an indefinite term under S.B. 201, commonly referred to as the Reagan Tokes Law. We summarily overrule his constitutional

challenges to the Reagan Tokes Law on the authority of *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
MICHAEL JOHN RYAN, J., CONCUR